UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Derek I. Allmon 12579-076
P.O. Box 8500 - USP -
Florence, Colorado 81226

VS.

Case: 1:08-cv-00314
Assigned To : Collyer, Rosemary M.
Assign. Date : 2/25/2008
Description: FOIA/PA

Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

U.S. Marshals Service
For Eastern Arkansas
600 W. Capitol Avenue
Little Rock, AR. 72201

RECEIVED
FEB 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## COMPLAINT

Comes now Derek I. Allmon, pro se of record respectfully moves the Court to commence a civil action pursuant to 5 U.S.C. § 552 a(e)(5), (g)(1)(C), and (g)(4) of the Privacy Act, and states as follows;

(1)

Since 1991 till present the Bureau of Prisons and U.S. Marshals Service has repeatedly entered, maintained and utilized unsubstantiated, erroneous information from "jailhouse" informants in my inmate files via several memoranda. It is hereby asserted that the agencies violated sections (e)(5), (g)(1)(C), and (g)(4) of the Act by using the incorrect information in determinations adverse to me.

In 1991, while an inmate in the Monroe County jail of Claredon, Arkansas the U.S. Marshals Service entered into my files and utilized fabricated information to bestow adverse actions upon me. which during the course of the FBI and U.S. marshals investigation on unfound allegations of a purported plan to escape and harm Judge Stephen Reasoner, I was never interviewed nor given any opportunity to dispute the information.

The U.S. Marshals Service proceeded to engage in deceitful conduct, and intentionally inflicted emotional distress by forwarding erroneous memoranda to other jails and the Bureau of Prisons, with directions to

(2)

house me in segregation units, subjected to cruel and unusual punishments.

After entering the Federal Bureau of Prisons in 1991 with original designation to a Low security prison in Texas, my security and custody level was elevated and I was reassigned to a Maximum security prison because of inaccurate files. The erroneous information adversely affected determinations by the Bureau of Prisons regarding my custody and security classifications, job and quarters assignments, and the opportunity to earn money. And these as well as other adverse actions continued throughout nine years of imprisonments and supervised release.

In 1998, though unit manager Mr. Parker of FCI Three Rivers, Texas made numerous attempts and a very diligent effort to secure me a minimum of four months halfway house, it was repeatedly denied by decision of the Bureau of Prisons Community Correctional Manager. Her reasons being the erroneous information maintained in my prison records.

(3)

And the U.S. Probation Office of Dallas, Texas done likewise in 1998 by denying my "Release Plan" until intervention by Judge Stephen Reasoner.

U.S. Probation Officer Kenneth Benton made it very clear that he was bias against me due to information maintained in files by the Bureau of Prisons. And further stated that he refuse approval of release to Dallas for Allmon under any conditions.

After re-entering the Bureau of Prisons in 2005, the U.S. Marshals Service and U.S. Attorney Office, both in the Eastern District of Arkansas along with prison staff once again resulted to their normal systematic pattern of enlisting "jailhouse" informants to fabricate information. Yet never attempting to verify the validity of said information before entering it in my prison records.

This inaccurate information in my inmate files is being used repeatedly by the agencies to justify adverse determinations.

(4)

such as being subjected to very bias and derogatory statements and treatment from staff. Whenever in transit is always blackboxed under a four man escort, housed in segregation units for extended periods with all privileges restricted. Previously placed on two hour watch, and is currently on total lockdown at USP-ADMAX Colorado.

Since arriving at this prison in Colorado the persecution, discrimination, retaliation and civil violations has become extreme. And by **relying** on the inaccurate prison files staff has listed me as a safety and security threat.

Also, please be advised that I have exhausted all prison administrative measures avaible to me, but with negative results as always.

Due to the necessity to subpoena and question several witnesses, the agencies willful intent to punish me and inflict emotional distress, blatant disregard to my civil rights and long-term repeated

(5)

violation of the Privacy Act, I am hereby requesting a trial by jury.

I further request that the Bureau of Prisons and U.S. Marshals Service be ordered to correct all inaccurate files, expunge any information not substantiated, removed me from Maximum custody with a transfer to proper facility and compensate me with money damages of 1.4 million dollars.

Monetary damages in the amount of 1.4 million shall be awarded do to the extreme punishments and emotional distress bestowed by the agencies intentional violation of the Privacy Act.

Respectfully,

*Derek S. Allmon*

Derek Allmon 12579-076
P.O. Box 8500
Florence, Co. 81226

(6)

David M. Hardy
Section Chief
Record/Information
Federal Bureau of Investigation
170 Marcel Drive
Winchester, Va. 22602

6/18/07

RE: FREEDOM OF INFORMATION-PRIVACY ACTS REQUEST

Dear Mr. Hardy:

 This is a request which arrives from a 1991 federal indictment from the Eastern District of Arkansas of unsubstantiated allegations that are not supported by concrete evidence during the pretrial and sentencing dated from Feb. 1991-Nov. 1991. And another similar situation from indictment in the exact same district years later in Nov. 2004-June 2006.

 It is now imperative that I am granted copies of all information contained within my files via the following individuals/entities: Sheriff Larry Morris-Monroe County Jail/Claredon, Ar.; Major Smith-Pulaski County Jail/Little Rock, Ar.; Jim Hays-U.S. Marshall's Office; Greg Jumper/Tony Guerra-USPO; Lesa Jackson/Jane Duke-AUSA; any/all Bureau of Prisons staff including remarks from Regional Designator Charlie Team and the BOP CCM; jailhouse informants and others.

 This should also include but not be limited to accusations of threats to the late U.S. District Judge Reasoner and any persons or agencies. Along with allegations of a planned escape.

 My request is presented solely in the interest of fundamental fairness and substantial justice, and the information sought herein should be granted.

 Upon receipt of the foregoing, please forward requested documents at your earliest convenience.

Respectfully submitted,

Derek I. Allmon

Note: This material is being requested to support civil action claim on BOP violation of 5 U.S.C. §552a (e)(5) and (g)(1)(C) of the Privacy Act. See Sellers v. Bureau of Prisons.

08 0314
FILED
FEB 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Admin Remedy Number:** 422505-R1

This is in response to your Regional Administrative Remedy Appeal dated August 16, 2006, in which you allege that your placement on the Two Hour Watch Program is based on false information regarding an escape attempt, is contrary to policy, and is having a negative impact on your ability to program. You request to be removed from the Two Hour Watch Program

We have reviewed your appeal and the Warden's response dated August 10, 2006. As indicated by the Warden, you were placed on the Two Hour Watch Program based on your current offense and prior criminal record. No adjudication of guilt is necessary for placement into the program. Your status in the program will be reviewed quarterly and you will be removed from the program when/if staff determine your removal is appropriate. You have not submitted any evidence to support your claim that your ability to program at the facility has been impacted. Although you may not agree, the Warden's decision is supported.

Your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9-6-06
Date

Michael K. Nalley, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Allmon, Derek, I.     12579-076    F2 112U    USPTHX
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** This Central Office Appeal, is based upon the Regional and institutional official's psition that [my] challenge based upon this Agency B.O.P. incorporating ERRONEOUS/FALSE information in my Central File. What was overlooked by Region, was the fact that the erroneous information contained in my Central File via the following individuals/entities: Sheriff Larry Morris-Monroe County Jail; Jim Hays, U.S. Marshall's Office; Tony Guerra, USPO Paula J. Duke, A.U.S.A.; Major Smith, Pulaski County Jail and Charlie Team, Regional Designator. All these individuals have "included" erroneous information in my Central File including but not limited to: Memorandum/letters from Paula Duke (A.U.S.A.) to (South Central Regional Designator) Sheriff Larry Morris -- Monroe County Jail, Tony Guerra U.S.P.O., Major Smith, Pulaski County Jail, false entries on my Secutiry Designation Data Form, unsubstantiated allegations that are not supported by concrete evidence that has "Adverse Consequences" against my custody (i.e. 2-hour watch), and my Central File which comes under the purview of Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1993). What I request, is that all information contained to the false, erroneous, unsubstantiated allegations be removed from my Central FORTHWITH: which consequently would "remove" me from 2 hour-watch.

DATE 9/14/06     *Derek S. Allmon*     SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
SEP 2 6 2006
Administrative Remedy Section
Federal Bureau of Prisons

_____
DATE
ORIGINAL: RETURN TO INMATE

_____
GENERAL COUNSEL
CASE NUMBER: 422505-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____
DATE     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN    BP-231(13) APRIL 1982

Administrative Remedy No. 422505-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you contend your placement on the high accountability program is unnecessary because the information used to make the decision was derived from an inmate. You request to be removed from the program, claiming you do not present an escape risk.

We have reviewed the merits of your appeal and determined the Warden and Regional Director succinctly addressed your concerns with regard to your placement on the accountability program. We find your current offense alone warrants your closer supervision. Considering this, we find the Warden appropriately exercised his latitude in maintaining institutional security, and deem the decision a prudent one. Finally, there is no specific criterion for placing inmates on the accountability program, nor are there any for removing inmates. You have but one option available to you, and that is to comply with the expectations of staff. Once staff become reasonably assured your self-control does not pose a threat to other inmates or staff, close supervision will no longer necessary, and you will be advised. Until then, we defer from reversing the Warden's decision, noting staff will periodically review your status.

Accordingly, your appeal is denied.

December 1, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

```
THP39    600-00  *                SECURITY DESIGNATION             *  08-23-2006
PAGE 005 OF 005  *                        DATA                     *    19:28:03
         REGNO: 12579-076    NAME: ALLMON, DERECK ISAAC                  ORG: CNO
RC/SEX/AGE: B/M/43     FORM D/T: 08-23-1991/0952   RES: DALLAS, TEXAS, TX 75227
OFFN/CHG..: FELON IN POSS. OF A FIREARM. 22 MTHS/BOP, 3 YRS/SUPERVISED
            RELEASE.
CUSTODY...: IN          BIL:               SEN LIMT: NONE
CITIZENSHP: UNITED STATES OF AMERICA    PUB SAFETY: FIREARMS
CIM CONSID:
JUDGE.....: REASONER                                       USM: E/ARK
DETAINER..: LOW/LOW MOD   SEVERITY: MODERATE       REC PROG: 0
PRIOR.....: MINOR                                  LENGTH..: 13-59 MOS    (022)
PRECOMMT..: N/A           ESCAPES.: NONE           VIOLENCE: NONE
                          V/S DATE:                V/S LOC.:
                          SEC TOT.: 6              SCORED LEV: LOW
CCM RMKS..: INSTANT OFFENCE INVOLVING FELON IN POSSESSION OF A FIREARM.
            DETAINER IN E/ARK FOR ADDITIONAL CHARGES, COURT DATE 8-26-91.
            NO COURT RECOMM. NO MEDICAL. 78- AGGRAVATED ROBBERY 7 YRS CUST
            ADC.
FACL DESIG: LA TUNA FCI         DESIG: SCR PLT 08-26-1991 DESIG REAS: MGMT
MGMT: POP MGT            MV EXP: 08-23-1992   SEN: N/A
DESIG RMKS: DIVERTED-POP.PRESSURES LOW S/L'S.


G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
           REGNO: 12579-076                 FORM DATE: 08-11-1998
(A) NAME.....: ALLMON                        DEREK       ISAAC              ORG: TRV
    SEN LIMT..: NONE                        MGMT VARIABLE..: GT SECU
    PUB SAFETY.: |THRT GOVT|                      MV EXPIRE: 08-05-1998


(B) DETAINER: (0) NONE                      SEVERITY.......: (3) MODERATE
    LENGTH...: (0) 0-12 MOS    (MONTHS): 2
    PRIOR....: (3) SERIOUS                  ESCAPES........: (0) NONE
    VIOLENCE.: (4) > 15 YRS SERIOUS         PRECOMMT STATUS: (0) N/A


(C) TIME SERVED.........: (6) 91% PLUS      DRUG/ALC INVOLV: (3) > 5 YRS
    MENT/PSYCH STABILITY: (4) FAVORABLE     TYPE DISCIP RPT: (3B) > 1 LOW MOD
    FREQ DISCIP REPORT..: (1) 2-5           RESPONSIBILITY.: (4) GOOD
    FAMILY/COMMUN TIES..: (4) GOOD


========================= LEVEL AND CUSTODY SUMMARY =========================
BASE SCORE    CUST SCORE    VARIANCE    SEC TOTAL    SEC LEVEL    CUSTODY     CONSIDER
   +10           +25          -1          +9           LOW          IN        DECREASE

(D) TYPE REVIEW      NEW CUSTODY     APPROVED: X YES ___ NO    NEXT REVIEW: N/A
    ___ REGULAR      ___ MAX
    _X_ EXCEPTION    ___ IN          CHAIRPERSON SIGNATURE....: [signature]
                     ___ OUT         WARDEN/DESIGNEE SIGNATURE  James A. Parker, Unit Mgr.
                     _X_ COM         FOR EXCEPTION REVIEW:
                                                                MICHAEL A. PURDY, Warden
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:

Inmate Allmon is approved for Community Corrections Center placement on August 14, 1998. A custody reduction to "Community" is recommended for this purpose only. An exception review is required as this form recommends continuance of "In" custody. "Community" custody will be granted for the purpose of Community Corrections Center placement only.


COPY: CENTRAL FILE, SECTION TWO
      INMATE


P0027     MANAGEMENT VARIABLE HAS EXPIRED - REGIONAL OFFICE NEEDS TO REVIEW
G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

```
                           (A) IDENTIFYING DATA
REG NO..: 12579-076              FORM DATE: 01-23-2007        ORG: THP
NAME....: ALLMON, DERECK ISAAC
                                 MGTV: NONE
PUB SFTY: GRT SVRTY,SENT LGTH    MVED:
                           (B) BASE SCORING
DETAINER: (0) NONE               SEVERITY........: (7) GREATEST
MOS REL.: 540                    CRIM HIST SCORE: (06) 7 POINTS
ESCAPES.: (0) NONE               VIOLENCE........: (5) < 5 YRS MINOR
VOL SURR: (0) N/A                AGE CATEGORY....: (2) 36 THROUGH 54
EDUC LEV: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (1) <5 YEARS
                           (C) CUSTODY SCORING
TIME SERVED.....: (3) 0-25%      PROG PARTICIPAT: (1) AVERAGE
LIVING SKILLS...: (2) GOOD       TYPE DISCIP RPT: (1) > 1 HIGH
FREQ DISCIP RPT.: (1) 2-5        FAMILY/COMMUN..: (4) GOOD

                  --- LEVEL AND CUSTODY SUMMARY ---
BASE  CUST  VARIANCE  SEC TOTAL  SCORED LEV  MGMT SEC LEVEL  CUSTODY  CONSIDER
 +21   +12    +2        +23        HIGH         N/A            IN     INCREASE
                                   MED

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

2004

A: Logs

CDFRM

... JUSTICE                                                          FEDERAL BUREAU OF PRISONS

**Institution: United States Penitentiary, Administrative Maximum, Florence, Colorado**

## PART I - INCIDENT REPORT

| Name of Inmate<br>ALLMON, Derek | 3. Register Number<br>12579-076 | 4. Date of Incident<br>11-15-2007 | 5. Time<br>8:40 am |
|---|---|---|---|
| 6. Place of Incident<br>SIS Office | 7. Assignment<br>Unassigned | 8. Unit<br>Z Unit, Z01-105 | |
| 9. Incident:<br>Interfering with a staff member in the performance of duties most likely threatening another or any other offense. | | | 10. Code:<br>298/203 |

**11. Description of Incident** Date: 11-15-2007    Time: 8:40 am    Staff became aware of incident)

While monitoring the outgoing mail, I received an outgoing Certified letter from inmate Allmon addressed to Miles Davis, 1230 66th Street, Berkeley, CA., 94702. In the letter, Allmon states that he wants Miles to add four BOP employees in the civil action complaint and place liens against their assets. L. Braren, SIS Technician, ADX Florence, CO was on the list along with SIS Felsted, Lieutenant at FCI El Reno, OK., Barry Edward, Unit Manager, FCI El Reno, OK., and K.O. Brechbill, ex Lieutenant SIS Technician, Terre Haute, IN. He further states in the letter "Once you type the civil lawsuit, please certify the packet mailed to me since we know these people aren't trustworthy." It is a crime in both the state of California and Colorado to file fraudulent liens of this nature against staff. *Braren wrote report with sole intention to deter Allmon of suing.*

| 12. Signature of Reporting Employee | Date and Time<br>11-15, 2007, 12:20 pm | 13. Name and Title (printed)<br>L. Braren, SIS Technician |
|---|---|---|
| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered<br>11/16/07 | 16. Time Incident Report Delivered<br>7:50 pm |

## PART II - COMMITTEE ACTION

**17. Comments of Inmate to Committee Regarding Above Incident** *First, the lawsuit is being filed in the U.S. District Court of D.C., but even if not I am legally within my rights to file a civil action wherever. Plus a judge decides the validity of a case. Thus, Braren clearly violated my constitutional rights with this retaliation.*

| 18. A. It is the finding of the Committee that you:<br>___ Committed the following prohibited act:<br><br>___ Did not commit a prohibited act. | B. ___ The Committee is referring the charge(s) to the DHO for further hearing<br>C. ___ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days. |
|---|---|

**19. Committee Decision is based on the following information:**


**20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)**


**21. Date and Time of Action** _____ (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

Chairman (typed name/signature)    Member (typed name)    Member (typed name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation

INCIDENT REPORT CDFRM

DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

Name of Institution: **United States Penitentiary, Administrative Maximum, Florence, Colorado**

## PART I - INCIDENT REPORT

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| ALLMON, Derek | 12579-076 | 11-15-2007 | 8:40 am |

| 6. Place of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| SIS Office | Unassigned | Z Unit, Z01-105 |

| 9. Incident: Interfering with a staff member in the performance of duties most likely threatening another or any other offense. | 10. Code: 298/203 |
|---|---|

**11. Description of Incident**  Date: 11-15-2007  Time: 8:40 am  Staff became aware of incident)

While monitoring the outgoing mail, I received an outgoing Certified letter from inmate Allmon addressed to Miles Davis, 1230 66th Street, Berkeley, CA., 94702. In the letter, Allmon states that he wants Miles to add four BOP employees in the civil action complaint and place liens against their assets. L. Braren, SIS Technician, ADX Florence, CO was on the list along with SIS Felsted, Lieutenant at FCI El Reno, OK., Barry Edward, Unit Manager, FCI El Reno, OK., and K.O. Brechbill, ex Lieutenant SIS Technician, Terre Haute, IN. He further states in the letter "Once you type the civil lawsuit, please certify the packet mailed to me since we know these people aren't trustworthy." It is a crime in both the state of California and Colorado to file fraudulent liens of this nature against staff.

| 12. Signature of Reporting Employee | Date and Time 11-15, 2007, 12:20 pm | 13. Name and Title (printed) L. Braren, SIS Technician |
|---|---|---|

| 14. Incident Report Delivered to above inmate by: | 15. Date Incident Report delivered 11/16/07 | 16. Time Incident Report Delivered 7:50 |
|---|---|---|

## PART II - COMMITTEE ACTION

**17. Comments of Inmate to Committee Regarding Above Incident**  It is my constitutional right to have access to the court. The letter I mailed was a legitimate letter. I have not threatened any staff. The court determines the validity of a case.

18. A. It is the finding of the Committee that you:
___ Committed the following prohibited act:
___ Did not commit a prohibited act.

B. ✓ The Committee is referring the charge(s) to the DHO for further hearing
C. ___ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days.

**19. Committee Decision is based on the following information:** Based on the written report, letter authored by Allmon wherein he states "it is now necessary that we include four BOP employees in the civil action complaint and place liens against their assets"

**20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)**
UDC recommends 30 days DS, loss of phone and visiting for 30 days. Also recommend 298 be expunged as repetitive to code 203

**21. Date and Time of Action** 11-28-07 3:30  (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| Chairman (typed name/signature) | T. Sudlow Member (typed name) | Member (typed name) |
|---|---|---|

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation

**JS-44**
**(Rev.1/05 DC)**

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
DEREK I. ALLMON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

### DEFENDANTS
BOP, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T

Case: 1:08-cv-00314
Assigned To : Collyer, Rosemary M.
Assign. Date : 2/25/2008
Description: FOIA/PA

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant  *(circled)*
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
■ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

(4)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 (PA)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 2.25.08   SIGNATURE OF ATTORNEY OF RECORD   NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N \forms\js-44.wpd