UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derek I. Allmon,

    Plaintiff,

    v.

    CA-080314-RMC

Federal Bureau of Prisons et al.,

    Defendants.

RECEIVED
MAR 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Motion For Appointment Of Counsel

Plaintiff Derek Allmon pro se, hereby moves the Court for a motion for appointment of counsel, and as support avers the following:

1. Plaintiff as an indigent inmate is is a pro se litigant which this Court has just granted his request under 28 USC § 1915.

(1)

2. The issues of this case are meritorious and has been genuinely stated by plaintiff.

3. Plaintiff has difficulties understanding law terms due to no background in legal training, and being a novice to civil actions.

4. Due to the nature of this case, request for a trial by jury and current retaliation via Bureau of Prisons staff, this case involves complexed issues.

5. It is well within sound discretion of the Court to appoint counsel in civil actions when obvious that plaintiff is incompetent. See, Bee v. Utah State Prison 823 F2d 397 (10th Cir. 1987).

6. It is almost impossible for plaintiff to obtain any discovery material and perform investigatory measures under the circumstances of his current prison conditions, i.e. depositions and exami-

(2)

nation of documents that are exempt under the Freedom of Information Act (FOIA).

7. Without the appointment of counsel plaintiff is precluded to examine prison records pertaining to his case which are FOIA exempt. But an attorney is well at liberty to examine such records in assistance with the plaintiff's case.

8. Plaintiff is currently incarcerated at USP ADX the "supermax" under severe conditions of confinement after government retaliation. Such as being transferred from a normal federal prison in Terre Haute, Indiana. Once arriving was originally assigned to General Population Unit. But after lodging several complaints and staff became aware of plaintiff's preparation to commence this civil action, he was again retaliated against and reassigned to a much more restricted unit where the prison house all terrorist.

(3)

9. Due to being in a complete lockdown facility housed under extreme restrictions, I have very minimum access or opportunity to proper legal law material, assistance and outside communications.

10. In the interest of fundamental fairness and substantial justice plaintiff's case warrants appointment of counsel.

Respectfully,

D. Isaac Allmon
Pro Se Plaintiff

D. Isaac Allmon
Reg. No. 12579-076
P.O. Box 8500
Florence, Co. 81226

(4)