## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEREK ALLMON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action 08-314 (RMC)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS
## AND/OR FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 12 and 56, the United States Bureau of Prisons ("BOP") and the United States Marshals Service ("Marshals Service") request that the Court dismiss the Complaint in this action and enter judgment in their favor. The plaintiff, Derek Allmon, alleges that the defendants violated the Privacy Act by relying on erroneous information in his inmate file to determine his custody classification.

As the defendants demonstrate in the accompanying memorandum, Allmon's claims under the Privacy Act fail for three reasons. First, his claims relating to information from 1991-1998 are untimely because the claims were filed more than two years after they accrued. Second, the BOP maintains the records that Allmon contends are erroneous in the agency's Central Inmate Files. The BOP has exempted these files from the amendment and the accuracy provisions of the Privacy Act. Third, Allmon has not identified *any* erroneous record in the possession of the Marshals Service, which is necessary to state a claim under the Privacy Act.

A proposed order is attached to the memorandum in support.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

June 2, 2008

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEREK ALLMON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action 08-314 (RMC)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Derek Allmon alleges that the United States Bureau of Prisons ("BOP") violated the

Privacy Act by placing erroneous information in his inmate file. Allmon does not specify the

information that he believes is erroneous, but he contends that the BOP has relied on incorrect

information since 1991 in making decisions regarding his custody classification. Allmon seeks

an order from this Court requiring the BOP to transfer him to a less-secure facility, an order

requiring the BOP to delete erroneous information about him from his inmate file, and $1.4

million in damages.

As the BOP demonstrates below, Allmon's claims under the Privacy Act fail for three

reasons. First, Allmon's claim relating to information from 1991-1998 is untimely. Claims

under the Privacy Act must be filed within two years after they arise. Here, Allmon

acknowledges that he knew the BOP was relying on allegedly false information compiled

between 1991 and 1998 no later than 1998. Allmon's failure to file suit until a decade later

makes his claim regarding this allegedly erroneous information untimely.

Second, the BOP maintains the records that Allmon contends are erroneous in the

agency's Central Inmate Files. The BOP has exempted these files from the amendment and accuracy provisions of the Privacy Act. Thus, Allmon's contention that these records should be amended and his claim for damages fail.

Third, even if Allmon's claims had merit, the Privacy Act does not entitle him to be transferred to a less-secure prison. The Privacy Act is not the appropriate means of reversing the BOP's decision regarding the custody classification of a prisoner.

## BACKGROUND

Derek Allmon is a convicted felon who has been in and out of prison for the last seventeen years. (Compl. at 2-4.) Allmon alleges that from 1991-1998, the BOP used "fabricated" and "unfound[ed]" information to make adverse determinations against him. (*Id.*) For example, Allmon alleges that the BOP used erroneous information in 1998 to deny his request to be transferred to a "halfway house." (*Id.* at 3.) Allmon further alleges that the United States Probation Office used erroneous information in 1998 to deny his request to be released in Dallas, Texas. (*Id.* at 3-4.) Allmon alleges that his Probation Officer "made it very clear that he was bias[ed] against [Allmon] due to information maintained in files by the [BOP]." (*Id.*)

Allmon is currently serving a life sentence for Attempting to Kill a Witness, Conspiracy to Kill a Witness, Aiding and Abetting the Attempt to Kill a Witness, multiple drug offenses, and Aiding and Abetting the Possession of a Firearm during a Drug Trafficking Offense. (Montoya Decl. ¶ 2.) Allmon's Pre-sentence Investigation Report ("PSR") states that he was the leader of an organization in Arkansas that was involved in the distribution of cocaine hydrochloride, cocaine base, and marijuana. (*Id.* ¶ 5.) In November 2004, Allmon was in custody pending trial for federal drug trafficking charges when he began to discuss killing a witness he suspected was

2

cooperating with the United States. (*Id.*) The witness was shot, but survived. (*Id.*) In April 2006, a jury convicted Allmon for conspiring to kill this witness, the underlying drug trafficking charges, and also for his role in attempting to murder a second witness. (*Id.*)

Following his conviction, the BOP incarcerated Allmon at the Federal Correctional Facility in Forrest City, Arkansas. (*Id.* ¶ 7.) An internal BOP investigation revealed that Allmon directed an inmate named Rodney Floyd to attack a second inmate at this facility in retaliation for that inmate's cooperation with the United States during Allmon's trial. (*Id.*)

On June 15, 2006, the Honorable William R. Wilson, United States District Court for the Eastern District of Arkansas, sentenced Allmon to life imprisonment. (*Id.* ¶ 8.) In the Judgment and Commitment Order, Judge Wilson recommended that the BOP place Allmon in the most secure facility available. (*Id.*) On June 19, 2006, Judge Wilson issued an order that prohibited Allmon from sending any communications to certain individuals for security reasons. (*Id.*) Judge Wilson further ordered that the BOP forward all of Allmon's non-legal correspondence to the United States Attorney's Office for the Eastern District of Arkansas (U.S. Attorney's Office) to ensure that he was complying with the June 2006 Order.

On July 12, 2006, the BOP classified Allmon as a high security inmate and sent him to USP Terre Haute. (*Id.* ¶¶ 8-10.) In April 2007, the Investigations Department at USP Terre Haute received information from the U.S. Attorney's Office that Allmon had sent threatening communications to the wife of a witness who testified against him in the 2006 trial. (*Id.* ¶ 11.) This individual was one of the people listed on Judge Wilson's June 2006 Order. (*Id.*) The Investigations Department subsequently determined that Allmon had authored letters to additional individuals with whom Judge Wilson had prohibited him from communicating. (*Id.*)

3

The Investigations Department concluded that Allmon had improperly circumvented the mail

monitoring procedures and violated Judge Wilson's June 2006 Order.  (*Id.*)

The Investigations Department at USP Terre Haute recommended that the BOP transfer

Allmon to a facility, such as the Administrative Maximum Penitentiary ("ADX") in Florence,

Colorado, that could more closely monitor his communications.  (*Id.*)  Even without the specific

information provided by the U.S. Attorney's Office, Allmon's criminal convictions and his

history of misconduct while incarcerated in BOP's facilities – including the information learned

by the Investigations Department at USP Terre Haute – justified his transfer to ADX.  (*Id.* ¶ 14.)

On October 3, 2007, the BOP transferred Allmon to the ADX.  (*Id.* ¶ 4.)

## LEGAL STANDARD

### A.    Rule 12(b)(6)

This Court may dismiss Allmon's Complaint pursuant to Rule 12(b)(6) if he has failed to

plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1974 (2007); *In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007)

(citing *Twombly*).  The focus is on the language in the complaint, and whether that language sets

forth sufficient factual allegations to support Allmon's claims for relief.  *Id.*

### B.    Rule 56

Summary judgment is appropriate when the pleadings and the evidence demonstrate that

"there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  Rule 56 is not a "disfavored procedural shortcut, but

rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317,

327 (1986) (citation omitted).  The "very mission" of Rule 56 is "to assess the proof in order to

see whether there is a genuine need for trial."  Fed. R. Civ. P. 56(e) advisory committee note.

The plaintiff must establish more than the "mere existence of a scintilla of evidence" in

response to the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  "If the

evidence is merely colorable, or is not significantly probative, summary judgment may be

granted."  *Id*. (internal citations omitted).

## ARGUMENT

The Privacy Act requires federal agencies to maintain records "with such accuracy,

timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the

determination" of matters concerning the individual.  *See* 5 U.S.C. § 552a(e)(5).  An individual

who believes that a federal agency has relied on erroneous information in making an adverse

determination against him may file suit under the Privacy Act to amend the records he thinks are

"inaccurate, irrelevant, untimely, or incomplete."  *See* 5 U.S.C. § 552a(d); *Doe v. FBI*, 936 F.2d

1346, 1350 (D.C. Cir. 1991).  An individual may also recover damages if he proves that the

agency acted intentionally or wilfully.  *See* 5 U.S.C. § 552(g)(4); *Deters v. U.S. Parole Comm'n*,

85 F.3d 655, 660-61 (D.C. Cir. 1996).

In this case, Allmon alleges that the BOP violated the Privacy Act by erroneously raising

his custody classification and improperly moving him to the ADX facility in Colorado.  As the

BOP demonstrates below, Allmon's Privacy Act claims fail.

## I.     ALLMON'S PRIVACY ACT CLAIMS BASED ON INFORMATION FROM 1991-1998 ARE UNTIMELY

A plaintiff must file suit under the Privacy Act "within two years from the date on which

the cause of action arises."  5 U.S.C. § 552a(g)(5).  A cause of action under the Privacy Act

arises at the time that (1) a factual error is made in a record regarding the plaintiff; (2) the plaintiff is harmed by the error; and (3) the plaintiff either knew or had reason to know of the error. *Szymanski v. United States Parole Comm'n*, 870 F. Supp. 377, 378 (D.D.C. 1994). "A new cause of action does not arise each time an adverse determination is made based on the allegedly erroneous records." *Conklin v. Bureau of Prisons*, 514 F. Supp.2d 1, 4 (D.D.C. 2007).

Allmon alleges that from 1991-1998 the BOP (and other federal agencies) relied on erroneous information contained in the BOP's files on him. (Compl. at 3-4.) Allmon's Complaint makes clear that he had actual knowledge of this allegedly erroneous information no later than 1998, and that the information was used in making adverse determinations against him at that time. (*Id.* ("U.S. Probation Officer Kenneth Benton made it very clear that he was bias[ed] against me due to information maintained in files by the Bureau of Prisons").) Allmon did not file this lawsuit, however, until February 25, 2008, which is well beyond the two-year limitations period. Accordingly, his Privacy Act claims based on allegedly erroneous information from 1991-1998 are time-barred. *See* 5 U.S.C. § 552a(g)(5).

## II.    ALLMON MAY NOT HAVE THE CHALLENGED RECORDS AMENDED BECAUSE THEY ARE EXEMPT FROM THE PRIVACY ACT

Allmon alleges that the BOP used erroneous information regarding his history of and propensity for violence in determining his custody classification. (Compl. at 3-5.) He contends that this erroneous information is the reason the BOP transferred him to the ADX facility in Colorado. (*Id.*) However, the records used by the BOP in determining Allmon's custody classification are maintained in the agency's Inmate Central File. (Montoya Decl. ¶ 12.) The BOP's Inmate Central File is exempt from the amendment provisions, *see, e.g.*, *Sellers v. BOP*, 959 F.2d 307, 309 (D.C. Cir. 1992), and the accuracy provisions of the Privacy Act. *See, e.g.*,

*Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed [the prisoner's] claims against the BOP [because] [t]he BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act."); *Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) (same).  Thus, Allmon is not entitled to have these records amended pursuant to the Privacy Act.  *Id.*

### III.    ALLMON MAY NOT RECOVER DAMAGES UNDER THE PRIVACY ACT

Allmon seeks $1.4 million in damages based on the alleged inaccuracies in his inmate file.  (Compl. at 6.)  However, the BOP's decision to exempt inmate files from the accuracy requirements of the Privacy Act precludes Allmon from obtaining damages based on the alleged inaccuracies in his file.  *Conklin*, 514 F. Supp.2d at 6 (holding that "because regulations exempt the Inmate Central Records System from subsection (e)(5) of the Privacy Act . . . , plaintiff effectively is barred from obtaining any remedy, including damages, under subsection (g), for the BOP's alleged failure to maintain records pertaining to him with the mandated level of accuracy."); *see also Martinez*, 444 F.3d at 624.

Moreover, Allmon's claim for damages fails because he cannot show that the BOP intentionally or wilfully relied on erroneous information in making an adverse determination against him.  *See* 5 U.S.C. § 552a(g)(4).  In order to show that an agency acted intentionally or wilfully, a plaintiff must demonstrate that the agency "committed the act without grounds for believing it to be lawful, or by flagrantly disregarding [the person's] rights under the Act." *Lopez*, 508 F. Supp.2d at 77.  In this case, the BOP based its decisions regarding Allmon on his criminal history (which he does not dispute) and its own observations of his conduct while he was in prison.  (Montoya Decl. ¶ 14.)  Allmon complains that the United States Marshals Service

7

and the United States Attorney's Office provided the BOP with erroneous information, but it is

well-settled that the BOP may rely on information provided by other federal agencies unless

there is a reason not to credit the information.  *Martinez*, 444 F.3d at 624; *Lopez*, 508 F. Supp.2d

at 77-78.  Here, Allmon has not presented the BOP with any evidence that the information

provided by the U.S. Attorney's Office is untrue.  *Id.*

## IV.    ALLMON MUST NOT BE RELEASED FROM THE ADX FACILITY

Allmon contends that the BOP's decision regarding his custody classification is

erroneous.  (Compl. at 6.)  He requests that the Court order the BOP to transfer him from the

ADX facility in Colorado to a less-secure prison.  (*Id.*)  However, this relief is not available

under the Privacy Act.  *Conklin*, 514 F. Supp.2d at 6 ("[T]he Privacy Act allows for correction of

facts but not corrections of opinions or judgments."); *Molzen v. Bureau of Prisons*, 2007 WL

779059 at * 7 (D.D.C. March 8, 2007) ("The Privacy Act cannot be used to force an agency to

reverse or amend its decisions.")  In *Molzen*, for example, a federal prisoner filed a claim under

the Privacy Act to try to have his custody classification lowered.  *Id.*  In rejecting the prisoner's

claim, the court held that a "plaintiff cannot force BOP to change his custody classification,

public safety factor, and security level by means of [a] Privacy Act suit." *Id.*  The reason is that

the Privacy Act "is intended to remedy factual or historical errors, and is not a vehicle for

addressing the judgments of federal officials . . . reflected in records maintained by federal

agencies." *Id.*; *Conklin*, 514 F. Supp.2d at 6 ("Plaintiff's custody classification reflects the

judgment of the BOP staff, and, therefore, is not subject to amendment under the Privacy Act.")

In this case, even if Allmon prevails on his Privacy Act claim – and for the reasons stated above

he should not – the Court should not order him removed from the ADX facility or require the

BOP to lower his custody classification.  *Id.*

### V.    ALLMON'S PRIVACY ACT CLAIM AGAINST THE MARSHALS SERVICE HAS NO MERIT

Allmon has named the Marshals Service as a defendant, but he has failed to identify *any* record in the Marshals Service's possession that is erroneous or that was used to make an adverse determination against him.  (*See generally* Compl.)  His failure to make these showings defeats his Privacy Act claim against the Marshals Service.  *Lopez*, 508 F. Supp.2d at 74 n.2 (holding that a "complaint is subject to dismissal for failure to state a prima facie case" if the plaintiff cannot identify a specific record "because a PA claim is necessarily premised on the existence of an identifiable record."); *Ingram v. Gonzales*, 501 F.Supp.2d 180, 185 n.2 (noting that "the only proper party in a Privacy Act case is the agency maintaining the challenged record.")  His Privacy Act claim against the Marshals Service also fails because the BOP's inmate file regarding him does not contain information from the Marshals Service.  (Montoya Decl. ¶12.)  Thus, there is no evidence in the record that supports a finding that information provided by the Marshals Service influenced the BOP's custody classification for Allmon or any other decision made by the BOP regarding him.  (*Id.* ¶ 14.)

### CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint in this action and enter judgment in favor of the defendants.

Respectfully submitted,

 /s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

 /s/

9

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
June 2, 2008            harry.roback@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 2, 2008 I served plaintiff with Defendants' Motion to

Dismiss and/or for Summary Judgment by mailing it to the following address:

Derek Allmon
#12579-076
P.O. Box 8500
Florence, CO 81226

/s/ _____
Harry B. Roback

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEREK ALLMON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action 08-314 (RMC)** |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PROPOSED ORDER**

Upon consideration of the Defendants' Motion to Dismiss and/or For Summary

Judgment, it is hereby

ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.


Date: _____          _____
                                   United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **DEREK ALLMON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **Civil Action 08-314 (RMC)** |
| | ) |
| **FEDERAL BUREAU OF PRISONS,** | ) |
| et al. | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

_____)

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56, Defendants hereby submit the following statement of

undisputed fact in support of their motion for summary judgment.

1. Derek Allmon alleges that the United States Bureau of Prisons (BOP") has relied on

erroneous information in determining his custody classification.  (Compl. at 3-5.)

2. The BOP has exempted its Central Inmate Files from the accuracy requirements of the

Privacy Act.  (Montayo Decl. ¶¶ 12-13.)

3. The information that the BOP relies upon in determining a prisoner's custody

classification is contained in the inmate's central file.  (*Id.*)

4. The BOP decided Allmon's custody classification without referring to information

provided by the United States Marshals Service.  (*Id.* ¶ 11, 14.)

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122

Assistant United States Attorney

/s/
_____
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309
harry.roback@usdoj.gov

June 2, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Civil Action No. 08-cv-00314

DEREK ALLMON,

       Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
UNITED STATES MARSHALS SERVICE,

       Defendants.

---

## DECLARATION OF THERESA MONTOYA

---

I, Theresa Montoya, do hereby declare and state the following:

1.    I have been employed by the Federal Bureau of Prisons as a Senior Attorney at the Federal Correctional Complex, Florence, Colorado since September 30, 2002. I have been employed with the Federal Bureau of Prisons as an attorney since September 1998. I have access to official prisoner files, and other official manual and electronic records maintained within the Complex which concern matters of general administration, administrative remedy filings, Bureau of Prisons' policy, and local supplemental rules and regulations.

2.    Plaintiff Derek Allmon, Register Number 12579-076, is an inmate incarcerated at the Administrative Maximum Penitentiary (ADX) in Florence, Colorado. He is currently serving a Life sentence, plus an additional five years for multiple drug offenses, Aiding and Abetting the Possession of a Firearm during a Drug Trafficking Offense, Aiding and Abetting the Attempt to Kill a Witness, Conspiracy to Kill a Witness, and Attempting to Kill a Witness. (Attachment - Public Information Data)

3.    It is my understanding the plaintiff has filed a complaint under the Privacy Act alleging

that the Bureau of Prisons has relied on inaccurate records to determine his custody level

and security designation. Specifically, he alleges the Bureau of Prisons received

information from the U.S. Marshals Service and the United States Attorney's Office for

the Eastern District of Arkansas, which was comprised of unverifiable reports based on

statements of confidential informants. He believes this information resulted in his

placement at a high security institution and adversely affected job assignment and

programming opportunities that would be available to him at a lower security level facility.

4.    Plaintiff was transferred to ADX Florence from the United States Penitentiary in Terre

Haute, Indiana, on October 3, 2007. The ADX houses the most violent and dangerous

offenders in the federal system. Many of the inmates who are designated to ADX

Florence have long histories of predatory and violent behavior. Some have assaulted or

murdered staff members or other inmates while incarcerated. Others have assaulted,

maimed, kidnaped, terrorized or murdered individuals prior to their eventual incarceration.

Other inmates have continued to operate criminal enterprises or to direct others to carry

out illegal acts while incarcerated. All of these inmates require an uncommon level of

security and monitoring due to their records.

5.    Information provided to the Bureau of Prisons in the plaintiff's pre-sentence report (PSR)

states that Plaintiff was the organizer or leader of an organization involved in the

distribution of cocaine hydrochloride, cocaine base, and marijuana. According to the PSR,

in November 2004, the plaintiff was in custody pending trial for his federal charges when

he began to discuss with friends and associates, killing an individual the plaintiff suspected

was cooperating with authorities, and planning to testify against him. The witness was

-2-

shot and rushed to the hospital with life threatening injuries. While the murder attempt was unsuccessful, plaintiff was convicted for his role as leader of the murder conspiracy. The plaintiff was also convicted for his role in arranging the attempted murder of a second individual whom he suspected was cooperating with authorities and responsible for a number of his associates being arrested on July 9, 2003.

6.     The information available in the pre-sentence report is disclosed to the Bureau of Prisons to assist in making classification, designation and programming decisions. Pre-sentence reports and Bureau of Prisons inmate records systems are exempt from the Privacy Act amendment provisions. 28 C.F.R. §16.51( c).

7.     Following his conviction by jury in April 2006, the plaintiff was housed at the Federal Correctional Facility in Forrest City, Arkansas. While at this facility, the plaintiff directed an inmate, Rodney Floyd, to attack a second inmate in retaliation for the inmate's cooperation with the government in the plaintiff's trial. An internal investigation conducted by the Bureau of Prisons revealed that not only did the plaintiff order the assault by Mr. Floyd, but he also made several threats against the United States Attorney and investigator prosecuting his case.

8.     Plaintiff was sentenced on June 15, 2006. In the Judgment and Commitment order, the Honorable William R. Wilson recommended the BOP place the plaintiff in the most secure facility available. Plaintiff was classified as a high security inmate and designated to USP Terre Haute. (Attachment - Letter to Judge Wilson dated July 15, 2006)

9.     On June 19, 2006, Judge Wilson signed an order prohibiting the plaintiff from sending any communications, directly or indirectly, to certain individuals. The Bureau of Prisons was ordered to confiscate and forward to the United States Attorney for the Eastern District of

Arkansas any and all communications addressed or directed to the persons listed in the order. The BOP was also ordered to copy all of plaintiff's incoming and outgoing non legal correspondence and forward to the United States Attorney for the Eastern District of Arkansas. (Attachment - Order dated June 19, 2006)

10.    Plaintiff arrived at USP Terre Haute on July 12, 2006. According to his Progress Report dated August 28, 2007, the plaintiff demonstrated poor institutional adjustment due to his receipt of incident reports and lack of participation in programs. According to the Progress Review, the plaintiff failed to secure a work assignment. He also failed to enroll in any educational or vocational programs and refused to participate in the Inmate Financial Responsibility Program. Additionally, the plaintiff received two incident reports for Phone Abuse. (Attachment - Progress Report dated 8/28/07)

11.    Moreover, during the plaintiff's incarceration at USP Terre Haute, the institution's investigations department received information from United States Attorney Jane Duke pertaining to information she received from Investigator Mark Stafford of the Arkansas Police Department. (Attachment - Email from Jane Duke to Danny Moore, dated April 19, 2007) The information was that the wife of an individual who had testified against the plaintiff in his criminal trial, had received threatening communications from the plaintiff. Plaintiff was prohibited from communicating with this individual per a June 19, 2006 court order. It was also determined the plaintiff had authored an outgoing letter to the place of employment of another individual with whom he is prohibited from corresponding pursuant to the June 19, 2006 order. Additional letters authored by the plaintiff were confiscated by the institution's investigative department. The internal investigation concluded that the plaintiff circumvented and bypassed mail monitoring/screening

-4-

procedures and violated the June 19, 2006, Federal Court Order.   The investigator

recommended a transfer to a facility, such as the Administrative Maximum Penitentiary in

Florence, Colorado, that could closely monitor the plaintiff's communications.  I could not

locate any documents in the inmate's file which indicated any information had been

provided to the Bureau of Prisons by the United States Marshal's Service concerning the

above incident.

12.    Inmate records are maintained in an Inmate Central File.  The File contains several

sections with information on inmate sentencing, classification, mail, visits, work

assignments, progress reviews, disciplinary reports, correspondence with other agencies,

and a privacy folder.  The Inmate Central File is maintained at the inmate's current or last

institution of confinement.  See Program Statement 5800.011, Inmate Central File, Privacy

Folder, and Parole Mini-Files.

13.    The Bureau of Prisons has promulgated regulations which exempt its Inmate Central

Records System from the accuracy requirements of 5 U.S.C. 552a(e)(5).  Custody

classification forms, correspondence from other agencies, internal investigations,

disciplinary reports and progress reports are types of records maintained in the BOP's

Inmate Central Records System.  The Bureau of Prisons has exempted itself entirely from

the access and amendment requirements of 5 U.S.C. §§ 552a(d) and the civil remedies of

5 U.S.C. § 552a(g) with respect to PSRs and inmate records.  28 C.F.R. § 16.97(a)(4).

The Bureau of Prisons Central Inmate Records System is also exempt from § 552a(e)(5).

14.    Nonetheless, even if the records were not exempt, the plaintiff has not demonstrated that

his designation to ADX Florence was the result of inaccurate information being provided

the United States Marshal's Service or the United States Attorney's Office.  Plaintiff's

history of misconduct while incarcerated within several Bureau of Prisons' facilities, as

well as his underlying criminal offense, justified his designation to ADX Florence.

15.    I certify that the attached records are true and correct copies of records contained in the

SENTRY database and other sources, and are records maintained by the Bureau of Prisons

in the normal course of business.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge, information and belief.

Executed on this 1st day of May, 2008, at Florence, Colorado.


*Theresa Montoya*
Senior Attorney
Federal Correctional Complex Florence

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                   4:04-CR-00169-01WRW

DEREK ALLMON

## ORDER

Pending is the Prosecution's Motion to Include Restriction to Mail Privileges as Part of the Judgment and Commitment Order (Doc. No. 652). During the sentencing hearing held today, Defendant did not object to the motion.

For good cause shown, the motion is GRANTED. Accordingly, Defendant is prohibited from sending any communications, either directly or indirectly, to the following people:

| | |
|---|---|
| Damon Guthrie | Leodis Cochran |
| Mark Williams | Joniel Washington |
| Lasonuner Johnson | Julian Allmon |
| Gary Godley | Steven Burse, Jr. |
| Karlos Harris | Keith Holmes |
| Shahidah Salaam | Kevin Allmon |
| Freddie Silva | Ronald Green |
| Shawnte Robinson | Tremain Richardson |
| Bobby Hart | Garrick Allmon |
| Melissa Reddo | Leonard Farmer |
| Robert Hart | Horace Hudson |
| Derek Blake | Tuma Grigsby |
| Wayne Davis | Ronald Wade |
| Eric Simmons | Keon Neely |
| | Antonio Bland |

To the extent that I have the authority, I direct the Bureau of Prisons to confiscate and forward to the United States Attorney for the Eastern District of Arkansas, any and all communications addressed or directed to the persons listed in this order.

-1-

Additionally, all communications, either incoming or outgoing, that is not legal correspondence to counsel of record, should be copied by the Bureau of Prisons and sent to the United States Attorney for the Eastern District of Arkansas.

IT IS SO ORDERED this 19th day of June, 2006.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **From:** | Jane Duke |
| **To:** | Danny A. Moore |
| **Date:** | 4/19/2007 10:03:27 AM |
| **Subject:** | RE: Derek Allmon |

Thank you so much for your assistance   Please let me know if there is anything I can do on my end.

Jane

-----Original Message-----
From: Moore, Danny A.
Sent: Thursday, April 19, 2007 6:03 AM
To: Duke, Jane (USAARE)
Cc: Jaeger, Eric; Brechbill, Kurt O.
Subject: RE: Derek Allmon

As of April 19, 2007 at 7:00 a.m. inmate ALLMON was placed in the special housing unit pending an investigation from the S.I.S. office. The special housing unit will be sending us all of his mail and any mail going to Little Rock Arkansas or to the State of Texas from any inmate.

My goal is to have inmate ALLMON placed on restricted correspondence where he will be allowed to correspond with no one except his attorney of record.  His outgoing legal mail will be checked by unit team staff prior to sealing or sending.  When and if he finally goes to a general population unit, I will have that unit again pull any mail going to Little Rock Arkansas or Texas from any inmate so it can be checked to insure inmate ALLMON is not using another inmates name and number to send mail out.

>>> Jane Duke 4/18/2007 5.25 PM >>>
Danny.

Please see the below e-mail from Detective Mark Stafford with Little Rock PD.  This concerns Allmon's communications in violation of Judge Wilson's order.  Allmon is contacting witnesses through indirect channels, i.e., sending it to relatives of the witnesses.  However, the message is clear---he lists addresses where family members live and encloses a copy of a newspaper article regarding the website whosarat com.  Is there some administrative action that can be taken against Allmon for this?

Please advise.

Thanks,
Jane Duke
(501) 340-2600

From: mark stafford [mailto:lrpdstafford@hotmail.com]
Sent: Tuesday, April 17, 2007 3:57 PM
To: Duke, Jane (USAARE)
Subject: Derek Allmon



Kurt O. Brechbill - RE: Derek Allmon                                                                    Page 2

I received a call today from Kathy Cochran advising me that several of her relatives have received mail from Derek Allmon. As you recall, Kathy is the wife of Leodis Cochran, who testified against Derek Allmon. She advised that her name "Kathy" was on the outside of the envelopes, but they were sent to her relatives. Most of the content in the envelopes were articles out of a newspaper talking about "Snitches" and some web site that "snitches" names could be placed on. She advised that she tried to go to this web site, but did not because it cost money to do so.

On some of the articles, there were four (4) locations that were hand written by Derek Allmon. Ms. Cochran advised that these locations are places that her and Leodis Cochran's relatives live.

Ms. Cochran advised that is concerned because she knows what type of man Derek Allmon is. She advised that she still lives in the same residence as she did before the trial. She advised that Derek Allmon came to residence on many occasions before the trial and now that Leodis is incarcerated, she lives alone.

She is requesting that these letters not be allowed to be sent from Derek Allmon.

---

Connect to the next generation of MSN Messenger  Get it now!
<http://imagine-msn.com/messenger/launch80/default.aspx?locale=en-us&sou

rce=wlmailtagline>



CC:          Kurt O. Brechbill,Eric Jaeger,Pat
Harris,lmdstafford@hotmail.com@inetgw,matt_morgan@ared.uscourts.gov@inetgw



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Designation & Sentence Computation Center*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

July 15, 2006

The Honorable William J. Wilson, Jr.
Judge of the U.S. District Court
  for the Eastern District of Arkansas
Richard Sheppard Arnold United States Courthouse
600 West Capitol Avenue
Little Rock, AR 72201

**Re: ALLMON, Dereck Isaac**
    Reg. No. 12579-076
    Docket No. 4:04CR00169-01-WRW

Dear Judge Wilson:

Thank you for your recommendation that Dereck Allmon serve his term of confinement at the highest security level facility. In addition, you recommend he participate in the Residential Drug Abuse Program (RDAP). Mr. Allmon was recently sentenced in your court to a life term for Conspiracy to Distribute Cocaine Hydrochloride, Possession with Intent to Distribute Marijuana, Possession with Intent to Distribute Marijuana, Aiding and Abetting the Possession of a Firearm During a Drug Trafficking Offense, Aiding and Abetting the Attempt to Kill a Witness, Aiding and Abetting the Possession with Intent to Distribute Cocaine Hydrochloride, Distribution of Cocaine Hydrochloride, Possession of Heroin, aiding and Abetting the Possession with Intent to Distribute Cocaine Hydrochloride, Aiding and Abetting the Distribution of Cocaine Hydrochloride, Conspiracy to Kill a Witness and Attempting to Kill a Witness.

During the designation process, we were aware of your recommendations. Regrettably, in the case of Mr. Allmon, your recommendations cannot be followed in their entirety. Mr. Allmon has been classified as a high security level offender. Accordingly, Mr. Allmon has been designated to the high security level facility in Terre Haute, Indiana.

Although the RDAP is not available at high security level facilities, staff there will work closely with Mr. Allmon and encourage him to participate in a variety of substance abuse

education and counseling programs offered at the Terre Haute facility.  Should Mr. Allmon become eligible for transfer, he will be considered for a facility which offers the RDAP, under the established program criteria.

We regret we were unable to comply with the Court's recommendations in their entirety.  Please be assured of our continued commitment to comply with judicial recommendations whenever possible.

Sincerely,

Rebecca Tamez
Chief

cc:  Warden, USP Terre Haute

THP27      *      PROGRESS REPORT      *      08-28-2007
PAGE      '                    08:06:32

RSP OF: THP TERRE HAUTE USP        US DEPARTMENT OF JUSTICE BUREAU OF PRISONS
    4700 BUREAU ROAD SOUTH
    TERRE HAUTE, IN 47802
    812 244-4400
NAME: ALLMON, DERECK ISAAC        REGNO: 12579-076 AGE(DOB): 44/07-29-1963

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| *Copy on inmate* | 8/28/07 | *Clayton* |

TYPE OF PROGRESS REPORT:
INITIAL___ SIH___ TRIENNIAL___ PRE-RELEASE___ TRANSFER XX___ OTHER:_____

PRESENT SECURITY/CUSTODY LEVEL:        |
  HIGH   /IN                    |

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

21:846/841/1512 CONSPIRACY TO DISTRIBUTE COCAINE HYDROCHLORIDE
CONSPIRACY TO PWID MARIJUANA, A&A PWID COCAINE HYDROCHLORIDE,
POSSESSION OF HEROIN, A&A ATTEMPT TO KILL WITNESS, CONSPIRACY
TO KILL WITNESS, ATTEMPT TO KILL WITNESS.
LIFE                    /   10 YEARS

18:924(C) AIDING AND ABETTING THE POSSESSION OF A FIREARM
DURING A DRUG TRAFFICKING OFFENSE
  5 YEARS                    /   10 YEARS

DATE COMPUTATION BEGAN: 06-15-2006

| DAYS FSGT/WSGT/DGCT: | | | |DAYS GCT OR EGT/SGT: |MONTHS SERVED: |
|---|---|---|---|---|---|
| | | | | |+ JAIL CREDIT - INOP TIME |
| 0 | /0 | /0 | 0 | |M:    14 D: 14 |
| | | | | |+ 585    JC - 0    INOP |

PROJECTED RELEASE DATE: UNKNOWN   |PROJECTED RELEASE METHOD: LIFE

DETAINERS/PENDING CHARGES:  NONE ON FILE

CO-DEFENDANTS: SEE PSI

DISTRIBUTION: ORIGINAL TO INMATE, COPY TO USPO, COPY TO USPC

      CENTRAL FILE - SECTION TWO                BP-CLASS-3

NAME: ALLMON, DERECK ISAAC        REGNO: 12579-076

------------------------- INSTITUTIONAL ADJUSTMENT -------------------------
Inmate Allmon was received at USP Terre Haute, IN on July 12, 2006, as a Judgement Commitment. His institutional adjustment would be considered poor as indicated by his incident report history and lack of programming.

A. PROGRAM PLAN: During inmate Allmon's initial classification and subsequent reviews, it has been recommended that he maintain clear institutional conduct, participate in the Inmate Financial Responsibility Program, participate in the Educational Programs and participate in the Drug Education Program. In addition, it has been recommended that he complete the Pre-Release Preparation Program and secure release funds for his release.

B. WORK ASSIGNMENTS: Inmate Allmon has failed to secure a work assignment since arriving at this institution.

| INST | WORK ASSIGNMENT | | START DATE | STOP DATE |
|------|------|------|------|------|
| THP | SHU UNASSG | SHU UNASSIGNED | 04-19-2007 | CURRENT |
| THP | UNASSIGNED | UNASSIGNED | 07-12-2006 | 04-19-2007 |
| HOU | SHU UNASSG | SPECIAL HOUSING UNASSG | 04-26-2006 | 06-01-2006 |
| FOM | SHU/A&O | UNASSIGNED IN SHU/NEEDS A&O | 04-11-2006 | 04-25-2006 |
| FOM | SHU/A&O | UNASSIGNED IN SHU/NEEDS A&O | 04-09-2006 | 04-11-2006 |
| FOM | F A&O | ADMISSION & ORIENTATION | 04-06-2006 | 04-09-2006 |
| FOM | F A&O | ADMISSION & ORIENTATION | 04-06-2006 | 04-06-2006 |
| FOM | SHU/A&O | UNASSIGNED IN SHU/NEEDS A&O | 01-24-2006 | 03-02-2006 |
| FOM | F A&O | ADMISSION & ORIENTATION | 01-24-2006 | 01-24-2006 |
| FOM | UNASSIGNED | UNASSIGNED | 01-23-2006 | 01-24-2006 |
| ERE | PSYCH REV | SEG PSYCHIATRIC REVIEW | 09-21-2005 | 01-13-2006 |
| ERE | ADM DET | ADMINISTRATIVE DETENTION | 09-21-2005 | 01-13-2006 |
| ERE | PSYCH REV | SEG PSYCHIATRIC REVIEW | 04-27-2005 | 09-14-2005 |
| ERE | ADM DET | ADMINISTRATIVE DETENTION | 04-27-2005 | 09-14-2005 |
| MEM | UUNASSG | UNASSIGNED | 11-17-2004 | 11-23-2004 |

C. EDUCATIONAL/VOCATIONAL PARTICIPATION: Inmate Allmon has failed to enroll in any educational or vocational programs since arriving at this institution.

------------------------- EDUCATION INFORMATION -------------------------
| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|------|------|------|------|------|
| THP | ESL HAS | ENGLISH PROFICIENT | 12-17-1991 2058 | CURRENT |
| THP | GED HAS | COMPLETED GED OR HS DIPLOMA | 12-20-1991 1016 | CURRENT |

------------------------- HIGH TEST SCORES -------------------------
| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|------|------|------|------|------|------|------|
| GED | AVERAGE | 46.4 | 03-11-1980 | THA | PASS | AK |
| | LIT/ARTS | 42.0 | 03-11-1980 | THA | MH | AK |
| | MATH | 49.0 | 03-11-1980 | THA | MH | AK |
| | SCIENCE | 50.0 | 03-11-1980 | THA | MH | AK |
| | SOC STUDY | 43.0 | 03-11-1980 | THA | MH | AK |
| | WRITING | 48.0 | 03-11-1980 | THA | MH | AK |

D. COUNSELING PROGRAMS: Inmate Allmon is currently enrolled in the 40 hour Drug Education class. He has not participated in any formal counseling programs during this period of incarceration.

NAME: ALLMON, DERECK ISAAC        REGNO: 12579-076

E. INCIDENT REPORTS:
-------------------------------------------------------------------------
DHO HEARING DATE/TIME: 10-24-2006 0900    INCIDENT DATE/TIME: 09-02-2006 1223
  297  PHONE ABUSE, NON-CRIMINAL - FREQ: 2
    DS      / 30 DAYS / CS / SUSPENDED 180 DAYS
    COMP:  LAW:
    LP PHONE  / 180 DAYS / CS
    COMP:  LAW:
-------------------------------------------------------------------------
DHO HEARING DATE/TIME: 10-24-2006 0853    INCIDENT DATE/TIME: 09-02-2006 1642
  297  PHONE ABUSE, NON-CRIMINAL - FREQ: 1
    DS      / 30 DAYS / CS / SUSPENDED 180 DAYS
    COMP:  LAW:
    LP PHONE  / 180 DAYS / CS
    COMP:  LAW:
-------------------------------------------------------------------------
UDC HEARING DATE/TIME: 04-21-2005 1500    INCIDENT DATE/TIME: 04-20-2005 0803
APPEAL CASE NUMBER(S): 380158
  397  PHONE ABUSE, NON-CRIMINAL - FREQ: 1
    LP PHONE  / 180 DAYS / CS
    COMP:  LAW:   BEGINNING TODAY, ENDING IN 180 DAYS FROM 4-21-05

F. INSTITUTIONAL MOVEMENT:

INSTITUTION   ASSIGNMENT   REASON FOR MOVEMENT        EFFECTIVE DATE
THP        A-DES      US DISTRICT COURT COMMITMENT   07-12-2006

  G. PHYSICAL AND MENTAL HEALTH: The Health Services Department records indicates that inmate Allmon is cleared for regular duty with no prolonged standing. He should be considered employable. There are no indications of any emotional or psychological issues at this time.

  H. PROGRESS ON FINANCIAL RESPONSIBILITY PLAN: Inmate Allmon was court ordered to pay a $1,200.00 felony assessment fee and he has $1,145.00 as a remaining balance. He was court ordered to pay a penalty fee of $20,000.00 and has a remaining balance of $19,750.00. He was also ordered to pay a fine of $100,000.00, and he has yet to make any payments toward this fine.

    FRP ASSIGNMENT              START DATE
    REFUSE        FINANC RESP-REFUSES     07-16-2007

  I. RELEASE PREPARATION PROGRAM & RELEASE PLANS: Due to inmate Allmon's remaining sentence length, he has not presented his unit team with a formal release plan. It has been recommended that he complete the Release Preparation Program prior to release.

    CMA ASSIGNMENT (REL PREP)         START DATE
    RPP NEEDS      RELEASE PREP PGM NEEDS    06-22-2005

    PRE-RELEASE PREP DATE: n/a LIFE

    RESIDENCE: to be secured

    EMPLOYMENT: to be secured

NAME: ALLMON, DERECK ISAAC    REGNO: 12579-076

USPO: Eastern District of Arkansas

J. RELEASE NOTIFICATIONS:

OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B) DUE TO:
CURRENT CONVICTION FOR A CRIME OF VIOLENCE
PRIOR CONVICTION FOR A CRIME OF VIOLENCE
CURRENT CONVICTION FOR A DRUG TRAFFICKING OFFENSE

18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY WITH SUPERVISION

IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(C) DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES.

( ) YES  ( XX) NO

18 USC 4042(C) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY

DNA TEST STATUS: NEED

DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE

DICTATED BY: _____ CASE MANAGER 08-28-2007
F2      B. MITCHELL, X. 4533

DATE TYPED: lp/08-28-2007

REVIEWED BY: _____ UNIT MANAGER 08-28-2007
A/F     V. BOYER 812-244-4531/4511

```
FLMF7              *        PUBLIC INFORMATION           *      03-31-2008
PAGE 001           *           INMATE DATA               *      14:46:00
                               AS OF 03-31-2008

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                   RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 719-784-9464    FAX: 719-784-5290
                                            RACE/SEX...: BLACK / MALE
                                            AGE: 44
PROJ REL MT: LIFE                           PAR ELIG DT: N/A
PROJ REL DT: LIFE                           PAR HEAR DT:
----------------------------- ADMIT/RELEASE HISTORY -----------------------------
FCL    ASSIGNMENT  DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
FLM    A-DES       DESIGNATED, AT ASSIGNED FACIL 10-03-2007 1314 CURRENT
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL 10-03-2007 1514 10-03-2007 1514
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-03-2007 1035 10-03-2007 1514
OKL    HLD REMOVE  HOLDOVER REMOVED              10-03-2007 0935 10-03-2007 0935
OKL    A-BOP HLD   HOLDOVER FOR INST TO INST TRF 09-19-2007 1720 10-03-2007 0935
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL 09-19-2007 1820 09-19-2007 1820
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 09-19-2007 1155 09-19-2007 1820
THP    TRANSFER    TRANSFER                      09-19-2007 1155 09-19-2007 1155
THP    A-DES       DESIGNATED, AT ASSIGNED FACIL 07-12-2006 1147 09-19-2007 1155
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL 07-12-2006 1147 07-12-2006 1147
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-12-2006 0900 07-12-2006 1147
OKL    HLD REMOVE  HOLDOVER REMOVED              07-12-2006 0800 07-12-2006 0800
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED  07-07-2006 1033 07-12-2006 0800
B04    RELEASE     RELEASED FROM IN-TRANSIT FACL 07-07-2006 1133 07-07-2006 1133
B04    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-07-2006 0724 07-07-2006 1133
TEX    HLD REMOVE  HOLDOVER REMOVED              07-07-2006 0624 07-07-2006 0624
TEX    A-HLD       HOLDOVER, TEMPORARILY HOUSED  06-29-2006 1322 07-07-2006 0624
9-L    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-29-2006 1422 06-29-2006 1422
9-L    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-26-2006 1643 06-29-2006 1422
DSC    ADMIN REL   ADMINISTRATIVE RELEASE        06-26-2006 1543 06-26-2006 1543
DSC    A-ADMIN     ADMINISTRATIVE ADMISSION      06-26-2006 1518 06-26-2006 1543
I-T    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-26-2006 1618 06-26-2006 1618
I-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-02-2006 0530 06-26-2006 1618
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL 06-02-2006 0530 06-02-2006 0530
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 06-01-2006 0915 06-02-2006 0530
HOU    HLD REMOVE  HOLDOVER REMOVED              06-01-2006 0815 06-01-2006 0815
HOU    A-HLD       HOLDOVER, TEMPORARILY HOUSED  04-25-2006 2157 06-01-2006 0815
8-H    RELEASE     RELEASED FROM IN-TRANSIT FACL 04-25-2006 2257 04-25-2006 2257
8-H    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-25-2006 1351 04-25-2006 2257
FOM    HLD REMOVE  HOLDOVER REMOVED              04-25-2006 1251 04-25-2006 1251
FOM    A-HLD       HOLDOVER, TEMPORARILY HOUSED  04-11-2006 1047 04-25-2006 1251
FOM    ADM CHANGE  RELEASE FOR ADMISSION CHANGE  04-11-2006 1046 04-11-2006 1047
FOM    A-PRE       PRE-SENT ADMIT, ADULT         04-06-2006 1232 04-11-2006 1046
FOM    ADM CHANGE  RELEASE FOR ADMISSION CHANGE  04-06-2006 1231 04-06-2006 1232
FOM    A-HLD       HOLDOVER, TEMPORARILY HOUSED  04-06-2006 1214 04-06-2006 1231
FOM    PRE REMOVE  PRE SENT DETAINEE REMOVED     03-02-2006 1127 04-06-2006 1214


G0002        MORE PAGES TO FOLLOW . . .
```

```
FLMF7          *        PUBLIC INFORMATION        *      03-31-2008
PAGE 002       *           INMATE DATA            *      14:46:00
               *         AS OF 03-31-2008
```

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

```
                    RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 719-784-9464      FAX: 719-784-5290
FOM    A-PRE        PRE-SENT ADMIT, ADULT          01-23-2006 1515  03-02-2006 1127
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL  01-23-2006 1615  01-23-2006 1615
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 01-23-2006 1000  01-23-2006 1615
OKL    HLD REMOVE   HOLDOVER REMOVED               01-23-2006 0900  01-23-2006 0900
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   01-13-2006 1430  01-23-2006 0900
ERE    PRE REMOVE   PRE SENT DETAINEE REMOVED      01-13-2006 1335  01-13-2006 1430
ERE    A-PRE        PRE-SENT ADMIT, ADULT          09-16-2005 1952  01-13-2006 1335
4-Z    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-16-2005 2052  09-16-2005 2052
4-Z    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-16-2005 1113  09-16-2005 2052
TEX    HLD REMOVE   HOLDOVER REMOVED               09-16-2005 1013  09-16-2005 1013
TEX    A-HLD        HOLDOVER, TEMPORARILY HOUSED   09-15-2005 0952  09-16-2005 1013
B17    RELEASE      RELEASED FROM IN-TRANSIT FACL  09-15-2005 1052  09-15-2005 1052
B17    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 09-15-2005 0515  09-15-2005 1052
OKL    HLD REMOVE   HOLDOVER REMOVED               09-15-2005 0415  09-15-2005 0415
OKL    A-PRE        PRE-SENT ADMIT, ADULT          09-14-2005 1042  09-15-2005 0415
OKL    ADM CHANGE   RELEASE FOR ADMISSION CHANGE   09-14-2005 1041  09-14-2005 1042
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   09-14-2005 1040  09-14-2005 1041
ERE    PRE REMOVE   PRE SENT DETAINEE REMOVED      09-14-2005 0930  09-14-2005 1040
ERE    A-PRE        PRE-SENT ADMIT, ADULT          04-27-2005 0850  09-14-2005 0930
B17    RELEASE      RELEASED FROM IN-TRANSIT FACL  04-27-2005 0950  04-27-2005 0950
B17    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 04-27-2005 0900  04-27-2005 0950
OKL    HLD REMOVE   HOLDOVER REMOVED               04-27-2005 0800  04-27-2005 0800
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   04-19-2005 1635  04-27-2005 0800
MEM    PRE REMOVE   PRE SENT DETAINEE REMOVED      11-23-2004 0759  04-19-2005 1635
MEM    A-PRE        PRE-SENT ADMIT, ADULT          11-17-2004 0831  11-23-2004 0759
FOR    FT REL       FULL TERM RELEASE (CCCA)       10-25-2000 0853  11-17-2004 0831
FOR    A-DES        DESIGNATED, AT ASSIGNED FACIL  06-20-2000 1200  10-25-2000 0853
6-K    RELEASE      RELEASED FROM IN-TRANSIT FACL  06-20-2000 1300  06-20-2000 1300
6-K    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 06-20-2000 0520  06-20-2000 1300
OKL    HLD REMOVE   HOLDOVER REMOVED               06-20-2000 0420  06-20-2000 0420
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   06-19-2000 0950  06-20-2000 0420
A02    RELEASE      RELEASED FROM IN-TRANSIT FACL  06-19-2000 1050  06-19-2000 1050
A02    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 06-19-2000 0810  06-19-2000 1050
OKL    HLD REMOVE   HOLDOVER REMOVED               06-19-2000 0710  06-19-2000 0710
OKL    A-HLD        HOLDOVER, TEMPORARILY HOUSED   06-16-2000 1030  06-19-2000 0710
B17    RELEASE      RELEASED FROM IN-TRANSIT FACL  06-16-2000 1130  06-16-2000 1130
B17    A-ADMIT      ADMITTED TO AN IN-TRANSIT FACL 06-16-2000 0634  06-16-2000 1130
SEA    HLD REMOVE   HOLDOVER REMOVED               06-16-2000 0534  06-16-2000 0534
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
FLMF7            *        PUBLIC INFORMATION        *      03-31-2008
PAGE 003         *           INMATE DATA            *      14:46:00
                            AS OF 03-31-2008
```

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

```
                    RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 719-784-9464    FAX: 719-784-5290
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE
```

---------------------CURRENT JUDGMENT/WARRANT NO: 040 ----------------------

```
COURT OF JURISDICTION..........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER..................: 4:04CR00169-01-WRW
JUDGE..........................: WILSON
DATE SENTENCED/PROBATION IMPOSED: 06-15-2006
DATE COMMITTED.................: 07-12-2006
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $1,200.00      $00.00          $100,000.00  $00.00
```

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:   391
OFF/CHG: 21:846/841/1512 CONSPIRACY TO DISTRIBUTE COCAINE HYDROCHLORIDE
         CONSPIRACY TO PWID MARIJUANA, A&A PWID COCAINE HYDROCHLORIDE,
         POSSESSION OF HEROIN, A&A ATTEMPT TO KILL WITNESS, CONSPIRACY
         TO KILL WITNESS, ATTEMPT TO KILL WITNESS.

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: LIFE
TERM OF SUPERVISION............:     10 YEARS
CLASS OF OFFENSE...............: CLASS A FELONY
DATE OF OFFENSE................: 08-02-2005
```

G0002       MORE PAGES TO FOLLOW . . .

```
FLMF7          *          PUBLIC INFORMATION          *     03-31-2008
PAGE 004       *              INMATE DATA             *     14:46:00
                          AS OF 03-31-2008

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 719-784-9464    FAX: 719-784-5290
----------------------------CURRENT OBLIGATION NO: 020 ----------------------
OFFENSE CODE....:  130
OFF/CHG: 18:924(C) AIDING AND ABETTING THE POSSESSION OF A FIREARM
         DURING A DRUG TRAFFICKING OFFENSE

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:     5 YEARS
  TERM OF SUPERVISION............:    10 YEARS
  CLASS OF OFFENSE...............: CLASS A FELONY
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 08-02-2005

----------------------------CURRENT COMPUTATION NO: 030 ---------------------

COMPUTATION 030 WAS LAST UPDATED ON 06-27-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-12-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 040 010, 040 020

DATE COMPUTATION BEGAN..........: 06-15-2006
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
AGGREGATED TERM OF SUPERVISION..:    10 YEARS
EARLIEST DATE OF OFFENSE........: 08-02-2005

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   07-09-2003     07-09-2003
                                   11-08-2004     06-14-2006

G0002        MORE PAGES TO FOLLOW . . .
```

```
   FLMF7            *        PUBLIC INFORMATION      *      03-31-2008
   PAGE 005         *           INMATE DATA          *      14:46:00
                              AS OF 03-31-2008

   REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                      RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 719-784-9464     FAX: 719-784-5290
   TOTAL PRIOR CREDIT TIME.........: 585
   TOTAL INOPERATIVE TIME..........: 0
   TOTAL GCT EARNED AND PROJECTED..: 0
   TOTAL GCT EARNED................: 0
   STATUTORY RELEASE DATE PROJECTED: N/A
   SIX MONTH /10% DATE.............: N/A
   EXPIRATION FULL TERM DATE.......: LIFE


   PROJECTED SATISFACTION DATE.....: N/A
   PROJECTED SATISFACTION METHOD...: LIFE
```

```
   G0002       MORE PAGES TO FOLLOW . . .
```

```
FLMF7          *       PUBLIC INFORMATION        *    03-31-2008
PAGE 006       *          INMATE DATA            *    14:46:00
                       AS OF 03-31-2008
```

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 10-25-2000 VIA FT REL

------------------------PRIOR JUDGMENT/WARRANT NO: 030 ---------------------

```
COURT OF JURISDICTION...........: TEXAS, NORTHERN DISTRICT
DOCKET NUMBER...................: 3:98-CR-365-T (01)
JUDGE...........................: MALONEY
DATE SENTENCED/PROBATION IMPOSED: 08-16-1991
DATE SUPERVISION REVOKED........: 05-04-2000
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 06-20-2000
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $50.00          $00.00        $20,000.00  $00.00
```

RESTITUTION...: PROPERTY: NO  SERVICES: YES      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 136
OFF/CHG: 18:922(G) FELON IN POSSESSION OF A FIREARM;21:846 CONSPIRACY
         TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE

```
SENTENCE PROCEDURE..............: SUPERVISED RELEASE VIOLATION
SENTENCE IMPOSED/TIME TO SERVE.:   6 MONTHS
DATE OF OFFENSE.................: 08-10-1990
```

G0002      MORE PAGES TO FOLLOW . . .

```
FLMF7           *          PUBLIC INFORMATION      *    03-31-2008
PAGE 007        *            INMATE DATA           *    14:46:00
                           AS OF 10-25-2000
```

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

```
              RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
              PHONE..: 719-784-9464    FAX: 719-784-5290
-----------------------------PRIOR COMPUTATION NO: 020 -----------------------
```

COMPUTATION 020 WAS LAST UPDATED ON 06-29-2000 AT FOR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   030 010

```
DATE COMPUTATION BEGAN..........: 05-04-2000
TOTAL TERM IN EFFECT............:      6 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      6 MONTHS
EARLIEST DATE OF OFFENSE........: 08-10-1990
```

```
JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                       04-25-2000     05-03-2000
```

```
TOTAL PRIOR CREDIT TIME.........: 9
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 10-25-2000
SIX MONTH /10% DATE.............: 10-08-2000
EXPIRATION FULL TERM DATE.......: 10-25-2000
```

```
ACTUAL SATISFACTION DATE........: 10-25-2000
ACTUAL SATISFACTION METHOD......: FT REL
ACTUAL SATISFACTION FACILITY....: FOR
ACTUAL SATISFACTION KEYED BY....: DWF
```

```
DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
FLMF7            *          PUBLIC INFORMATION          *       03-31-2008
PAGE 008         *             INMATE DATA              *       14:46:00
                              AS OF 09-25-1998

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                   RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  09-25-1998 VIA GCT REL

------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER...................: LR-CR-91-34(1)
JUDGE...........................: REASONER
DATE SENTENCED/PROBATION IMPOSED: 08-16-1991
DATE COMMITTED..................: 12-04-1991
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.: $50.00        $00.00          $20,000.00   $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  YES      AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  136
OFF/CHG: FELON IN POSSESSION OF A FIREARM-T18USC922G

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   22 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  DATE OF OFFENSE................: 08-10-1990




------------------------PRIOR JUDGMENT/WARRANT NO: 020 ------------------------

COURT OF JURISDICTION...........: ARKANSAS, EASTERN DISTRICT
DOCKET NUMBER...................: LR-CR-91-34(1)
JUDGE...........................: REASONER
DATE SENTENCED/PROBATION IMPOSED: 11-14-1991
DATE COMMITTED..................: 12-04-1991
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS   FINES        COSTS



G0002       MORE PAGES TO FOLLOW . . .
```

```
FLMF7          *        PUBLIC INFORMATION      *      03-31-2008
PAGE 009       *           INMATE DATA          *      14:46:00
                         AS OF 09-25-1998

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                  RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 719-784-9464    FAX: 719-784-5290
NON-COMMITTED.:  $50.00        $00.00        $5,000.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-------------------------PRIOR OBLIGATION NO: 010 ------------------------
OFFENSE CODE...:  391
OFF/CHG: CONSPIRACY TO POSSESS W/I DISTRIBUTE COCAINE-T21USC846

  SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  100 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CC W/JW010-SAME CASE
  DATE OF OFFENSE................: 07-15-1991




-------------------------PRIOR COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-24-1998 AT CNO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010, 020 010




G0002       MORE PAGES TO FOLLOW . . .
```

```
FLMF7           *           PUBLIC INFORMATION           *        03-31-2008
PAGE 010 OF 010 *              INMATE DATA                *        14:46:00
                             AS OF 09-25-1998

REGNO..: 12579-076 NAME: ALLMON, DERECK ISAAC

                    RESP OF: FLM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 719-784-9464    FAX: 719-784-5290
DATE COMPUTATION BEGAN..........: 08-16-1991
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800
TOTAL TERM IN EFFECT............:    100 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:      8 YEARS      4 MONTHS
AGGREGATED TERM OF SUPERVISION..:      3 YEARS
EARLIEST DATE OF OFFENSE........: 08-10-1990

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     08-10-1990     08-10-1990
                                     09-14-1990     09-14-1990
                                     02-22-1991     02-27-1991
                                     03-12-1991     03-25-1991
                                     04-03-1991     04-12-1991
                                     07-03-1991     08-15-1991

TOTAL PRIOR CREDIT TIME.........: 76
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 368
TOTAL GCT EARNED................: 368
STATUTORY RELEASE DATE PROJECTED: 09-27-1998
SIX MONTH /10% DATE.............: 03-27-1998
EXPIRATION FULL TERM DATE.......: 09-30-1999


ACTUAL SATISFACTION DATE........: 09-25-1998
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CNO
ACTUAL SATISFACTION KEYED BY....: BAB

DAYS REMAINING..................: 368
FINAL PUBLIC LAW DAYS...........: 2




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```