UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK ALLMON            ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.            ) | Civil Action 08-314 (RMC) |
| ) | |
| FEDERAL BUREAU OF PRISONS,   ) | |
| et al.              ) | |
| ) | |
| Defendants.      ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO HOLD IN ABEYANCE DEFENDANT'S MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

On June 4, 2008, the Court ordered Derek Allmon, a *pro se* prisoner, to file a response to

the Bureau of Prisons' motion to dismiss and/or for summary judgment by July 21, 2008.

Instead of complying with the Court's June 4 Order, Allmon filed a motion to hold the BOP's

motion in abeyance so that he can conduct discovery in this Privacy Act case. The Court should

deny Allmon's motion because he has utterly failed to satisfy the requirements of Rule 56(f).

Allmon has neither explained why he is currently unable to respond to the BOP's motion nor has

he identified any material facts on which he needs discovery. As demonstrated in the BOP's

motion, Allmon's Privacy Act claims fail under the well-established law of this Circuit. The

BOP does not oppose an additional period of time for Allmon to oppose its dispositive motion,

but Allmon should not be permitted to engage in discovery.

**BACKGROUND**

Derek Allmon is a federal prisoner who alleges that the BOP violated the Privacy Act by

placing erroneous information in his inmate file. Allmon does not specify the information that

he believes is erroneous, but he contends that the BOP has relied on incorrect information since

1991 in making decisions regarding his custody classification.  Allmon seeks an order from this Court requiring the BOP to transfer him to a less-secure facility, an order requiring the BOP to delete erroneous information about him from his inmate file, and $1.4 million in damages.

On June 2, 2008, the BOP filed a motion to dismiss and/or for summary judgment.  (Dkt. 14.)  In its motion, the BOP demonstrated that Allmon's claims under the Privacy Act fail for three reasons.  First, Allmon's claim relating to information from 1991-1998 is untimely.  Claims under the Privacy Act must be filed within two years after they arise.  5 U.S.C. § 552a(g)(5); *Conklin v. Bureau of Prisons*, 514 F. Supp.2d 1, 4 (D.D.C. 2007).  Here, Allmon acknowledges that he knew the BOP was relying on allegedly false information compiled between 1991 and 1998 no later than 1998.  Allmon's failure to file suit until a decade later makes his claim regarding this allegedly erroneous information untimely.

Second, the BOP maintains the records that Allmon contends are erroneous in the agency's Central Inmate Files.  The BOP has exempted these files from the amendment and accuracy provisions of the Privacy Act.  *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed [the prisoner's] claims against the BOP [because] [t]he BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act."); *Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) (noting that the files are exempt from the amendment provisions as well).  Thus, Allmon's Privacy Act claims regarding these files fail as a matter of law.

Third, even if Allmon's claims had merit, the Privacy Act does not entitle him to be transferred to a less-secure prison.  The Privacy Act is not the appropriate means of reversing the BOP's decision regarding the custody classification of a prisoner.  *Molzen v. Bureau of Prisons*,

2007 WL 779059 at * 7 (D.D.C. March 8, 2007) (holding that a "plaintiff cannot force BOP to change his custody classification, public safety factor, and security level by means of [a] Privacy Act suit."); *Conklin*, 514 F. Supp.2d at 6 ("Plaintiff's custody classification reflects the judgment of the BOP staff, and, therefore, is not subject to amendment under the Privacy Act.")

## ARGUMENT

## I.    DISCOVERY IS NOT APPROPRIATE IN THIS PRIVACY ACT CASE

A non-moving party seeking the protection of Rule 56(f) bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). The non-moving party must provide a reasonable basis for the Court to conclude that discovery will reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir.1999). "It is well settled that conclusory allegations" and mere speculation are insufficient. *Byrd*, 174 F.3d at 248 n. 8; *see also Exxon Corp. v. Crosby-Miss. Res., Ltd.*, 40 F.3d 1474, 1488 (5th Cir.1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

In this case, Allmon has not explained why he is unable to respond to the BOP's motion, or indicated the specific facts that he seeks to learn through discovery. (Dkt. 17 at 2-3.) Rather, Allmon simply asserts that he should be able to "complete discovery, [take] depositions, and obtain experts." (*Id.* at 3.) But this type of general statement that discovery is necessary falls far short of the showing that this circuit requires under Rule 56(f). *See, e.g.*, *Carpenter*, 174 F.3d at 237 (holding that a plaintiff "had to indicate what facts she intended to discover that would create a triable issue and why she could not produce them in opposition to the motion.")

Allmon also states that he does not believe the declaration submitted by Tracey Montoya, a BOP employee, is accurate.  (Dkt. 17 at 9-14.)  A plaintiff's desire to test the accuracy of statements made by an affiant, however, is insufficient to justify discovery under Rule 56(f). *Dunning v. Quander*, 508 F.3d 8, 10 (D.C. Cir. 2007) ("Without some reason to question the veracity of affiants," the "[plaintiff]'s desire to test and elaborate affiants' testimony falls short[.]") (internal quotations omitted).  Allmon's mere assertion that the facts set forth in Ms. Montoya's declaration are erroneous does not entitle him to conduct discovery in this case. *Dunning*, 508 F.3d at 10; *Carpenter*, 174 F.3d at 237-38 ("desire to test affiants' testimony does not justify Rule 56(f) discovery[.]") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion and order the plaintiff to respond to the BOP's motion to dismiss and/or for summary judgment within a time period deemed reasonable by the Court.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


/s/
HARRY B. ROBACK, D.C. Bar # 485145
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W.
Washington, D.C. 20530
Tel: 202-616-5309

July 31, 2008                      harry.roback@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2008 I served plaintiff with Defendants' Response to

Plaintiff's Motion to Hold In Abeyance Defendants' Motion To Dismiss And/Or For Summary

Judgment by mailing it to the following address:

> Derek Allmon
> #12579-076
> P.O. Box 8500
> Florence, CO 81226

<u>/s/</u>
Harry B. Roback