UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derek I. Allmon

    Plaintiff,

v.      Civil Action 08-314 (RMC)

Federal Bureau Of Prisons,
et al.

    Defendants

MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiff Derek Allmon, pro se of record, seeks leave to amend his complaint. Plaintiff seeks to more clearly state his claims for relief, and relies on the in support of his motion.

FACTUAL BACKGROUND

RECEIVED
JUL 3 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff filed his complaint on February 25, 2008. Due to lack of legal law education, Plaintiff improperly filed an Amened Complaint on April 2, 2008, which was subsequently denied. Plaintiff now moves to amend his Complaint to more fully plead and clarify the allegations and claims asserted therein.

## ARGUMENT

### A. The Standard Under Rule 15 is Liberal

Plaintiff seeks leave of this Court to file a Amended Complaint based upon authority in Fed. R. P. 15.

Rule 15 provides, in pertinent part, that, "a party may amend the party's pleading only by leave of court... and leave shall be freely given when justice so requires."

### B. Plaintiff is Approiately Amending Based on Research Regarding the Validity of His Claims

Granting leave to amend the complaint is not futile as Plaintiff should be allowed the opportunity to brainstorm and try researching in order to ensure his filed claims have merit and are claims for which relief can be granted. Plaintiff seeks to amend his complaint in order to more clearly state his claims for relief. Plaintiff does not set forth any additional facts or claims that are not closely tied to the original complaint.

C. No Factors Counsel Against Allowing Amendment of the Complaint

Defendants will not be unduly prejudice by virtue of granting leave to amend the complaint because they have not spent significant time or incurred significant costs in this proceeding, nor does Plaintiff substantively alter the factual recitation and allegations in his complaint.

Wherefore, granting leave to amend

(3)

the Complaint is not futile because it will enable Plaintiff to cure any defects in his current Complaint. Plaintiff is in dire need of an attorney to discuss his Complaint and ensure it adequately addresses his claims under which relief can be granted. Denial of leave to amend may result in an absolute denial of justice for Plaintiff Derek Allmon.

Respectfully submitted,

*Derek I. Allmon*
Derek I. Allmon
Pro Se Litigant

(4)

## Certificate of Service

I hereby certify that on this 29th day of July 2008, I sent the forgoing Plaintiff's Amended Complaint Motion by U.S. mail to counsel for Defendants at the following address:

Harry B. Roback
U.S. Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530

Signed: D. Isaac Allmon
D. Isaac Allmon
# 12579-076
P.O. Box 8500
Florence, CO. 81226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derek I. Allmon
#12579-076
P.O. Box 8500
Florence, Co. 81226

   Plaintiff,

v.   Civil Action 08-314 (RMC)

Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

U.S. Attorney's Office
For Eastern Arkansas
425 W. Capitol Ave., Ste. 500
Little Rock, AR. 72203

U.S. Marshals Service
For Eastern Arkansas
600 W. Capitol Ave.
Little Rock, AR. 72201

   Defendants.

# AMENDED COMPLAINT

Comes now plaintiff DEREK ALLMON, pro se of record, respectfully moves the Court to commence an amended civil action pursuant to 5 U.S.C. § 552a (e)(5), (g)(1)(C), and (g)(4) of the Privacy Act, and states as follows:

1. Under the Privacy Act, 5 U.S.C. § 552a (g)(1)(C) and (g)(4). The Complaint asserts that defendants willful and intentionally failed to maintain accurate records and made several determinations adverse to Plaintiff on the basis of those records, which caused him emotional harm.

2. From 1991 till present the Bureau of Prisons (BOP), U.S. Marshals Service and U.S. Attorney's Office has repeatedly entered, maintained and utilized unsubstantiated, fabricated information from "jailhouse" informants in Plaintiff's inmate files via several memorandums.

(2)

3. The U.S. Marshals Service and U.S. Attorney's Office repeatedly engaged in deceitful conduct, and intentionally inflicted emotional distress by forwarding erroneous memoranda to the BOP and other jails, with directions to subject Plaintiff to adverse decisions and cruel and unusual punishments.

4. In efforts to appease the personal vendetta and malicious prosecution of Paula Jane Duke of the U.S. Attorney Office in the Eastern District of Arkansas, the agencies continuously resulted to their normal systematic pattern of enlisting "jailhouse" informants to fabricate information. Yet never attempting to verify the validity of said information. Nor affording Plaintiff any opportunity to dispute the information before entering and maintaining it in his prison records.

5. In May 2006, while an inmate of the Federal Detention Center (FDC) in Houston, Texas, Plaintiff came to suspect

(3)

that incorrect information was being maintained in his prison records. This being due to the very bias and derogatory statements and treatment from BOP and U.S. Marshals staff. Specifically the captain at FDC Houston stating, "Plaintiff was a 'serious escape risk' whom had threatened a U.S. district judge." And therefore Plaintiff would be subjected to whatever decisions and punishment recommended by then Assistant United States Attorney Jane Duke.

6. On June 15, 2006, Plaintiff's suspicion of inaccurate information being maintained within his prison records was confirmed, when U.S. Probation Officer Tony Guerra submitted Plaintiff's presentence report to the Court. Which included a unfound and erroneous allegation that "Plaintiff had threatened a U.S. district judge." And said allegation was consequently used by the BOP in making decisions adverse to him.

(4)

7. During the months of June, July and August 2006, while housed in West Tennessee Detention, Federal Correction Institution (FCI) Texarkana, Federal Transit Center Oklahoma and USP Terre Haute the plaintiff was permitted by staff, to read memoranda of information maintained in his inmate files supplied by defendants. Inaccurate files pertaining to Plaintiff being an escape risk and threatening a judge, agents, prosecutors and their families.

8. In or about November 2006, BOP case manager, Mr. Shoemaker allowed Plaintiff to review certain sections of his inmate files. Which revealed memoranda of erroneous information via the U.S. Attorney's Office.

9. Adverse actions were bestowed upon the plaintiff in Sept. 2007, via elevation of his custody level and reassignment transfer to USP ADMAX, due to more unsubstantiated allegations of threats via a legal newspaper article. Again,

(5)

erroneous information supplied to the BOP from AUSA Jane Duke. Accusations that Plaintiff was never given opportunity to be heard or found guilty of violating any administrative rule. But the information is being maintained in Plaintiff's prison records, and utilized to make determinations adverse to him.

10. BOP employee and SIS technician, Lisa Braren verified incorrect files are being maintained. Files containing allegations of threats against the government. Braren utilized the information when writing a false and unfound incident report against the plaintiff on October 30, 2007.

11. In June 2008, Plaintiff was informed through statements by BOP staff and AUSA Harry Roback of additional false information in his files, which he did not know exist. Allegations of him purportedly ordering attacks on snitches in prison while housed in FCI Forrest City, Arkansas.

(6)

12. All the inaccurate information coupled with defendants' desire to appease the personal vendetta of AUSA Jane Duke, adversely affected determinations by the BOP. Decisions adverse to Plaintiff's custody and security classification, job and quarters assignments, and the opportunity to earn money. Whenever in transit is always black-boxed under a four man escort, housed in segregation units for extended time periods with all privileges restricted. Previously placed on two hour watch, and currently on total lockdown under intense measures. This partially due to BOP persecution, discrimination, retaliation and transfer for improper purposes.

13. By relying on inaccurate prison records Plaintiff has been prejudice and treated in very differentiated manners by BOP and U.S. marshals staff. Whom has also listed him as a safety and security threat.

14. The intentional, negative actions via

(7)

the defendants has caused Plaintiff to suffer "humiliation, loss of liberty, undue hardship and deprivation of privileges."

15. Due to the necessity to perform depositions, subpoena and question several witnesses, the agencies willful intent to punish and inflict emotional distress, blatant disregard to Plaintiff's civil rights and long-term repeat violation of the Privacy Act, Plaintiff is hereby requesting a trial by jury.

16. It is further requested that defendants be ordered to correct all inaccurate records, expunge any/all information not substantiated, and each defendant compensate Plaintiff with money damages of 1.4 million dollars.

17. Monetary damages in the amount of 1.4 million shall be awarded from each defendant, due to the adverse actions of extreme punishments and emotional distress bestowed by the

(8)

agencies intentional violation of the Privacy Act.

                      Respectfully submitted,

                      <u>Derek I. Allmon</u>
                      DEREK I. ALLMON
                      Pro Se Litigant

## Certificate of Service

I hereby certify that on this 29th day of July 2008, I sent a copy of the foregoing Plaintiff's Amended Complaint by U.S. mail to counsel for Defendants at the following address:

U.S. Attorney's Office
Harry B. Roback
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530


Signed: D. Isaac Allmon
D. Isaac Allmon
# 12579-076
P.O. Box 8500
Florence, Co. 81226


JUL 31 2008