UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEREK ALLMON | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action 08-314 (RMC) |
| | ) |
| FEDERAL BUREAU OF PRISONS, et al. | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT**

The Court should deny Derek Allmon's motion for leave to amend his complaint because, as demonstrated in the Bureau of Prison's motion to dismiss and/or for summary judgment, Allmon's Privacy Act claims fail under the well-established law of this Circuit. Allmon's proposed amended complaint asserts the same claims as his original complaint. The proposed amended complaint, therefore, suffers from the same fatal flaws.

**BACKGROUND**

Derek Allmon is a federal prisoner who alleges that the BOP violated the Privacy Act by placing erroneous information in his inmate file. Allmon does not specify the information that he believes is erroneous, but he contends that the BOP has relied on incorrect information since 1991 in making decisions regarding his custody classification. Allmon seeks an order from this Court requiring the BOP to transfer him to a less-secure facility, an order requiring the BOP to delete erroneous information about him from his inmate file, and $1.4 million in damages.

On June 2, 2008, the BOP filed a motion to dismiss and/or for summary judgment. (Dkt. 14.) In its motion, the BOP demonstrated that Allmon's claims under the Privacy Act fail for

three reasons. First, Allmon's claim relating to information from 1991-1998 is untimely. Claims under the Privacy Act must be filed within two years after they arise. 5 U.S.C. § 552a(g)(5); *Conklin v. Bureau of Prisons*, 514 F. Supp.2d 1, 4 (D.D.C. 2007). Here, Allmon acknowledges that he knew the BOP was relying on allegedly false information compiled between 1991 and 1998 no later than 1998. Allmon's failure to file suit until a decade later makes his claim regarding this allegedly erroneous information untimely.

Second, the BOP maintains the records that Allmon contends are erroneous in the agency's Central Inmate Files. The BOP has exempted these files from the amendment and accuracy provisions of the Privacy Act. *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed [the prisoner's] claims against the BOP [because] [t]he BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act."); *Lopez v. Huff*, 508 F. Supp.2d 71, 77 (D.D.C. 2007) (noting that the files are exempt from the amendment provisions as well). Thus, Allmon's Privacy Act claims regarding these files fail as a matter of law.

Third, even if Allmon's claims had merit, the Privacy Act does not entitle him to be transferred to a less-secure prison. The Privacy Act is not the appropriate means of reversing the BOP's decision regarding the custody classification of a prisoner. *Molzen v. Bureau of Prisons*, 2007 WL 779059 at * 7 (D.D.C. March 8, 2007) (holding that a "plaintiff cannot force BOP to change his custody classification, public safety factor, and security level by means of [a] Privacy Act suit."); *Conklin*, 514 F. Supp.2d at 6 ("Plaintiff's custody classification reflects the judgment of the BOP staff, and, therefore, is not subject to amendment under the Privacy Act.")

## ARGUMENT

**I.    ALLMON SHOULD NOT BE PERMITTED TO AMEND HIS COMPLAINT IN THIS PRIVACY ACT CASE**

Allmon asserts the same Privacy Act claims in his proposed amended complaint that he asserted in his original complaint. (*Compare* Dkt. 1 *with* Dkt. 20-2.) In both instances, Allmon contends that the BOP relied on incorrect information in determining his security threat level and custody classification. (Dkt. 1 at 2-5; Dkt. 20-2 at 2-5.) Allmon also contends in both the original complaint and his proposed amended complaint that the erroneous information caused the BOP to transfer him to a maximum security facility in Florence, Colorado. (Dkt. 1 at 4-5; Dkt. 20-2 at 5-6.) Allmon seeks compensatory damages in both complaints of $1,400,000. (Dkt. 1 at 6; Dkt. 20-2 at 8.)

The Court should deny Allmon's motion for leave to amend the complaint because the proposed amended complaint asserts the same claims and thus suffers from the same fatal flaws as the original complaint. The BOP demonstrated in its motion to dismiss that Allmon's Privacy Act claims fail under the established law of this circuit. (*See generally* Dkt. 14.) The Court should dismiss Allmon's Privacy Act claims and deny the instant motion because amending the complaint in this case is futile. *Armstrong v. United States Bureau of Prisons*, 976 F. Supp. 17, 21 (D.D.C. 1997) (denying plaintiff's motion for leave to amend complaint as "futile" because "even if plaintiff timely filed her complaint, plaintiff still fails to establish a claim under the Privacy Act.")

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

3

|  | /s/ |
|---|---|
|  | RUDOLPH CONTRERAS, D.C. Bar # 434122 |
|  | Assistant United States Attorney |

|  | /s/ |
|---|---|
|  | HARRY B. ROBACK, D.C. Bar # 485145 |
|  | Assistant United States Attorney |
|  | United States Attorneys Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
|  | Tel: 202-616-5309 |
| August 13, 2008 | harry.roback@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2008 I served plaintiff with Defendants' Response to Plaintiff's Motion for Leave to Amend Complaint by mailing it to the following address:

Derek Allmon
#12579-076
P.O. Box 8500
Florence, CO 81226

/s/
Harry B. Roback