UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derek I. Allmon

    Plaintiff,

v.       Civil Action 08-314 (RMC)

Federal Bureau Of Prisons,
et al.

    Defendants.

RECEIVED
AUG 29 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Reply To Defendants' Response For Motion To Amend Civil Complaint

Comes now plaintiff Derek Allmon, pro se of record, and for his reply to the defendants' response for motion to amend complaint, states as follows:

1. On August 20, 2008, Plaintiff received via prison staff service of de-

fendants' response to proposed amended complaint.

2. Plaintiff's claims in his amended complaint are completely different from those avered in the original, and do not suffer fatal flaws. However, he does not set forth any additional facts or claims that are not closely tied to the original complaint.

3. Plaintiff avers that the BOP is relying on false information compiled between 1991 and 2008.

4. In his amended complaint Plaintiff has clearly stated his claims and specified the information which he believes is erroneous.

5. The complaint also states very clearly that all claims asserted arised between 2005 and 2008. Which Plaintiff first became aware of some in May 2006. Thus, rendering defendants' claim of an untimely filing incorrect and futile.

6. It appears that in defendants' counsel attempt to manipulate the Court, he constantly and conveniently ignores the plaintiff's many stated claims that has arisen between 2005 and 2008.

7. Counsel's repeat quotes and arguments of plaintiff's knowledge on false information being untimely, due to a 1998 cutoff is moot.

8. Discovery will prove that there is no way the plaintiff could have known in 1998, about the stated claims in his amended complaint because many of the false accusations did not arrive until 2005, 2006 and 2007. Eventhough the defendants also incorporated unfound, erroneous information from the 1990's into their reports and plaintiff's prison records between 2005 and 2008.

9. In accordance with SELLERS v. BUREAU of PRISONS, 294 U.S. App. D.C. 361; the Court holds that regulations governing the BOP does not exempt the agency's

records from Section 552a(e)(5) of the Privacy Act. Therefore, BOP Central Inmate Records are not exempt. And Plaintiff's Privacy Act claims regarding these files has merit as a matter of law.

10. Nowhere in Plaintiff's amended complaint does he seek an order from this Court requiring the BOP to transfer him to a less-secure facility. However, he is steadfast that the erroneous information maintained in his prison records coupled with the BOP's desire, to appease the personal vendetta of AUSA Jane Duke caused the agency to make an adverse decision and, transfer him to a maximum security facility. In violation of his rights to "due process" and 28 U.S.C. Section 1331, Bivens v. Six Unknown.

11. The Court should grant Plaintiff's motion for leave to amend the complaint because the proposed amended complaint clearly establish claims under the Privacy Act in which relief can be granted. And the commencement of his civil action, as

(4)

well as the dates avered in his claims meet the requirements of the court and two year statute of limitation filing period.

12. Claims under the Privacy Act must be filed within two years after a plaintiff becomes aware or has reason to believe a violation by the defendant has occurred. Not two years after it arise.

13. It is virtually impossible for a plaintiff to successfully file a Privacy Act claim, when he/she has no knowledge as to what erroneous or undisputed information is being maintained

Wherefore, said motion is meritorious and Plaintiff prays that the Court will grant leave in this cause, and for all other proper relief.

Respectfully submitted,

_D. Isaac Allmon_
D. Isaac Allmon #12579
Pro Se Litigant
P.O. Box 8500
Florence, Co. 81226

(5)

I hereby certify that on August 25, 2008, a true and correct copy of the foregoing has been served upon the U.S. attorney as counsel for Defendants via U.S. mail:

Harry B. Roback
U.S. Attorney's Office
Civil Division
555 Fourth St., NW
Washington, DC 20530

/S/ Derek Allmon
DEREK ALLMON